## HORN BROS. v. BAKER.   (No. 6717.)

(Court of Civil Appeals of Texas. Galveston. Dec. 1, 1914. Rehearing Denied Jan. 7, 1915.)

1. CORPORATIONS  ⊚⟞92 — STOCK SUBSCRIPTIONS—AGREEMENTS AS TO PAYMENT.

Where defendants subscribed for stock in a proposed corporation, and thereafter, in evidence of their agreement to pay therefor, executed a note secured by a chattel mortgage, but there was no agreement on behalf of the corporation to sell and deliver the stock on their promise to pay therefor, and the stock was not in fact delivered there was no violation of Const. art. 12, § 6, which provides that no corporation shall issue stock, except for money paid, labor done, or property actually received.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 366; Dec. Dig. ⊚⟞92.]

2. CORPORATIONS  ⊚⟞92 — SUBSCRIPTION TO STOCK—RIGHT TO STOCK BEFORE PAYMENT.

Where defendants subscribed for stock in a corporation, and gave their note for the amount thereof, without any agreement that the stock would be sold and delivered to them upon their promise to pay, they were not entitled to the stock until they paid therefor, and the failure or refusal of the corporation to deliver the stock did not constitute a failure of consideration for the note.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 366; Dec. Dig. ⊚⟞92.]

3. CORPORATIONS  ⊚⟞240—STOCK SUBSCRIPTIONS—LIABILITY—"TRUST FUND."

Where defendants subscribed for stock in a corporation, and gave their note for the amount of the stock, and did not deny their obligation upon their subscription or the note until after the rights of a creditor, to whom the corporation executed a deed of trust on its property, including plaintiffs' note, had intervened such creditor had a right to enforce payment from them, and to have their note sold under the deed of trust, and the purchaser had a right to enforce collection of the note by suit, as unpaid stock subscription constitute a "trust fund" for the benefit of the creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 934–942, 1099–1100½; Dec. Dig. ⊚⟞240.]

For other definitions, see Words and Phrases, First and Second Series, Trust Fund.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by R. H. Baker against Horn Bros. Judgment for plaintiff, and defendants appeal. Affirmed.

Krause & Wilson, of Bay City, for appellants. Gaines & Corbett, of Bay City, for appellee.

McMEANS, J. In 1909 the Co-operative Canal Company of Matagorda county was duly chartered. Prior to its incorporation, a subscription list for shares of the capital stock of the proposed corporation was circulated and signed by several parties, who stated, opposite their names, the amount for which they respectively subscribed. Among the others was Horn Bros., a firm composed of A. M. Horn and Boyd Horn, who subscribed for ten shares of the par value of $1,000. It was understood between Horn Bros. and the other subscribers that Horn Bros. should

---

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pay for five of the shares in work upon the irrigation canal to be constructed by the corporation, and that for the other five shares they should pay in money, and in evidence of the agreement to pay for the five shares last mentioned they on January 5, 1909, executed their promissory note for $500, in favor of John W. Gaines, as trustee, for the use of the Co-operative Canal Company, due November 1, 1909, bearing 7 per cent. per annum interest, and stipulating for the payment of 10 per cent. additional as attorney's fees in case the note was not paid at maturity and placed in the hands of an attorney for collection. This note was secured by the execution and delivery of a chattel mortgage in favor of said Gaines, trustee, upon a certain crop of rice to be grown by Horn Bros. during said year, which was never foreclosed. After the incorporation of the Co-operative Canal Company, operations were begun by it, and a large indebtedness was incurred in favor of A. B. Pierce, to secure which the canal company, acting through its president, J. O. Murphy, who was duly authorized by the board of directors, executed to John M. Corbett, as trustee, a deed of trust upon certain properties of the canal company, including the note of Horn Bros., held by John W. Gaines, trustee, and by authorization of the board of directors John W. Gaines transferred and assigned said note to John M. Corbett, trustee in said deed of trust. Afterwards the debt owing by the canal company to Pierce having matured and not being paid, the said John M. Corbett, as trustee, at the request of the creditor, Pierce, and in pursuance of the authority conferred upon him by the deed of trust, after due notice. sold the mortgaged property, including the note of Horn Bros., at public sale, and said property, including said note, was bought at such sale by R. H. Baker. The stock for which the note was given was not issued to Horn Bros., although they demanded its issuance and delivery.

R. H. Baker, thus becoming the owner of the note of Horn Bros., brought this suit to recover thereon, and upon a trial before the court without a jury recovered a judgment for the principal and interest thereof and the attorney's fees stipulated therein. Defendants resisted upon the ground that the note had been executed in payment for the five shares of stock, and that Gaines, the trustee, the payee of said note, and the canal company, had agreed to issue and deliver said stock to them, and had failed to do so, and that said agreement and contract was ultra vires, illegal, and void because in contravention of section 6 of article 12 of the Texas Constitution, which provided, "No corporation shall issue stock or bonds, except for money paid, labor done or property actually received;" that plaintiff Baker purchased said note after its maturity and subject to all the defenses existing against it while in the hands of the original payee.

[1] We shall not discuss appellants' assignments of error in detail. The evidence, when analyzed, shows that no agreement was made with Horn Bros., at the time they subscribed or afterwards, to sell and deliver to them the stock upon their promise to pay for it. No fraud was practiced to induce their subscription. They, just as the other subscribers, subscribed for so much of the capital stock of the proposed corporation. When the charter was issued and the corporation accepted the promise of Horn Bros. to pay for the five shares, their liability evidenced by the subscription was complete. The execution of the note was only another expression or admission of liability, and was of no greater dignity than the contract of subscription would have been had the note not been given, in so far as it affects the liability of the corporation's subsequent creditors, for, having been executed as a part of the same transaction, the note and subscription contract evidenced one contract only, and that was to take and pay for the stock. That such a transaction does not contravene section 6 of article 12 of the Constitution, we think clear, and are sustained in this conclusion, we think, by the following authorities: Street Railway v. Adams, 87 Tex. 125, 26 S. W. 1040; McCarthy v. Texas Loan & Guaranty Co., 142 S. W. 96; Houston Fire & Marine Ins. Co. v. Swain, 114 S. W. 154.

[2, 3] Under the facts of this case, Horn Bros. were not entitled by their contract to the five shares of stock until they had paid the amount of their par value. By the terms of the note they were given until November 1, 1909, in which to make the payment, and the corporation could not sooner have enforced payment. They did not deny their obligation resting upon either the subscription or the note until after the rights of the creditor, Pierce, had intervened. It is too well settled to require the citation of authorities that unpaid stock subscriptions constitute a trust fund for the benefit of creditors of the corporation. This being true, the creditor, Pierce, had the right to enforce payment from Horn Bros., and to this end to sell their note at trustee's sale. R. H. Baker having purchased the note at such sale, he had the right to enforce collection of it by suit. As to whether Horn Bros.' subscription for the other five shares was canceled by mutual agreement or not is not material to the right of Baker to recover in this suit.

The contention that the failure or refusal of the corporation to tender or deliver the stock for which the note was given constitutes a failure of consideration is not sound. Horn Bros. had no right to demand the issuance and delivery of the stock until their engagement to pay for it had been fulfilled.

We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

Affirmed.