SMOOT v. PERKINS et al.   (No. 1166.)

(Court of Civil Appeals of Texas.   Amarillo.
May 2, 1917.   Rehearing Denied
May 30, 1917.)

1. BANKRUPTCY ⟷290 — INSOLVENCY—NOTE FOR ISSUANCE OF STOCK.

Even if stock were issued, for part cash and a note for balance in violation of the Constitution, this would not prevent the corporation's trustee in bankruptcy recovering on the note.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 418–429, 451–455.]

2. CORPORATIONS ⟷99(1)—STOCK SUBSCRIPTIONS—NOTES.

Provision of Constitution for issuance of stock for money only is not violated, where there is no issuance of, but only a subscription for, stock, with part payment, and balance evidenced by note.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 444.]

3. BANKRUPTCY ⟷290—INSOLVENCY—CORPORATION'S FRAUD.

A corporation's fraud in inducing a subscription to stock, not being complained of till after its insolvency, will not avail as a defense in action by its trustee in bankruptcy on note given for subscription.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 418–429, 451–455.]

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by George A. Smoot, trustee, against D. M. Perkins and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Smoot & Smoot, of Wichita Falls, for appellant. J. M. Bonner and C. B. Felder, both of Wichita Falls, for appellees.

BOYCE, J.   D. M. Perkins and F. M. Kell, before the organization of the Northwestern Auto & Supply Company, agreed to take five shares of the capital stock of said corporation of the par value of $100 per share. They paid $250 in cash on this agreement and executed their note for $250, payable to the corporation six months after date thereof. The stock was never issued to them. The corporation was afterwards adjudged a bankrupt, and Geo. A. Smoot appointed trustee in bankruptcy. Its assets are insufficient to the payment of the indebtedness of the corporation. The note above referred to was listed among the assets of the corporation, and the said Geo. A. Smoot, as trustee, brought this suit on said note against said Perkins and Kell, who defended on the following grounds: First, that the note was void because given for stock in violation of the Constitution and the laws of the state; second, that they had been induced to take said stock by the fraudulent and false representations of the president of the corporation, to the effect that the affairs of the corporation were in good condition and that the stock was worth par and that "the profits of the business would be sufficient to take care of the unpaid subscription made by the defendants," etc. The court below held that the note was void because given in violation of law in part payment for the capital stock of the corporation. No finding was made on the issue of fraud in procuring the subscription to the stock. The evidence shows, however, that the appellees had taken no steps to repudiate the subscription prior to the appointment of the trustee in bankruptcy; there being no evidence of any claim of fraud being made until after the institution of the suit on the note.

[1-3] Upon these facts, the court below should have entered judgment for the appellant. Even if the stock had been issued, the appellees could not defeat a recovery of the note upon suit by the representative of the creditors of the corporation after it became insolvent. McWhirter v. First State Bank, 182 S. W. 682, in which writ of error was denied by the Supreme Court. But the stock was not in fact issued so as to bring the transaction within the condemnation of the law. The corporation was permitted to be organized when all of the stock had been subscribed and 50 per cent. paid up. Article 1126, R. C. S. The unpaid portions of the subscription were required to be paid within two years. Article 1141, R. C. S. And the directors might require payment of such subscription in installments in the manner provided by the by-laws. Article 1169. When appellees subscribed for five shares of the stock, paid one-half, and gave their note for the other one-half, without the actual issuance and delivery of the stock, the note was but another form of evidence of the agreement to pay the balance due on the subscription, and the corporation could itself have recovered on the note unless recovery could

have been defeated on the plea of fraud in procuring the subscription. The fraud, if it existed, would not under the facts in this case be a 'defense; the corporation having become insolvent and the suit being by the representative of the creditors. Davis v. Burns, 173 S. W. 476, in which writ of error was denied by the Supreme Court; Commonwealth Bonding & Casualty Co. v. Hill, 184 S. W. 247; Cattlemen's Trust Co. v. Turner, 182 S. W. 438; Horn Bros. v. Baker, 173 S. W. 474; Cope v. Pitzer, 166 S. W. 447; Farmers' & Merchants' Bank v. Falvey, 175 S. W. 833.

Reversed and rendered.