## FULTON NAT. TRUCK CO. v. TIPPS.
### (No. 8845.)

(Court of Civil Appeals of Texas. Dallas. Oct. 21, 1922. Rehearing Denied Dec. 9, 1922.)

Courts ⊂⊃475(10)—Mortgagee sued for money paid by second mortgagee to release prior mortgage held not entitled to injunction against suit to foreclose second mortgage.

While the court first acquiring jurisdiction of a subject-matter retains it until final

(245 S.W.)

determination of all matters in dispute between the parties, a chattel mortgagee against whom an action was brought by a second mortgagee to recover an amount paid for the prior lien and mortgagor's note secured thereby, to cancel a draft for the balance agreed to be paid, and to fix a prior lien in equity, was not entitled to an injunction against the prosecution of a subsequent suit by the same plaintiff in the district court of another county on notes executed to him by mortgagor in payment for other personal property and to foreclose mortgages thereon and on property covered by the prior mortgage, though the prior mortgagee was made a party to the second suit also in order that he might set up his claim; the prosecution of the second suit to a final conclusion not infringing on the jurisdiction of the court of the county in which the first suit was brought.

Appeal from District Court, Dallas County; Royall R. Watkins, Special Judge.

Action by the Fulton National Truck Company against Jake Tipps and another. From an order refusing to dissolve a temporary injunction, restraining the prosecution of a second suit against defendant in another county, plaintiff appeals. Reversed and rendered.

Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for appellant.

John M. Tipps, of Dallas, for appellee.

VAUGHAN, J. This is an appeal from an order refusing to grant a motion to dissolve a temporary injunction.

On September 28, 1921, appellant, a private corporation, filed its original petition in the court below against appellee Jake Tipps and one C. W. Skinner, in which substantially the following allegations were made as constituting appellant's cause of action against said Tipps and Skinner, to wit: That in July, 1921, appellant sold to said Skinner six automobile trucks and, as a part of the consideration for such sale, Skinner became indebted to appellant in the sum of about $21,000, which was secured by a chattel mortgage on such trucks duly executed and delivered by said Skinner to appellant; that in September, 1921, appellant, as further security for said indebtedness, took from said Skinner a mortgage on 19 head of horses and mules and growing crops upon a farm in Dallas county then being cultivated by said Skinner as a tenant, consisting of 200 acres of cotton and 200 acres of corn. At the time of taking this last-mentioned mortgage, appellee Tipps had and held a first mortgage lien upon the same personal property belonging to Skinner, other than the six automobile trucks.

Appellant, on the 7th day of September, 1921, closed a contract with said Tipps and Skinner by which it paid to Tipps the sum of $3,250 and agreed thereafter in 30 days to pay him an additional sum of $2,258, and thereupon Tipps executed an assignment of his first lien upon said personal property with the understanding that the same was to become effective when the deferred payment was made.

Appellant further alleged that it had been induced to make the payment and purchase as aforesaid by misrepresentations made concerning the character and status of said personal property belonging to Skinner, and that Skinner and Tipps had each participated therein, and that by reason thereof appellant charged it was entitled to rescind said contract of purchase and was entitled to be subrogated in equity to the rights of Tipps in the property on which Tipps held the first and prior mortgage lien to secure appellant in the return of the $3,250 so paid in cash to Tipps, and was entitled to its first lien in equity thereon to secure it for the payment of said sum.

At the time of the filing of said petition, appellant, as plaintiff in said suit, procured from the district judge a temporary writ of injunction restraining said Tipps and Skinner, defendants in said suit, from disposing of said personal property pending the disposition of said suit. Appellee Tipps filed an answer and cross-bill in said suit, in which he prayed for a "judgment against the plaintiff for the sum of $2,558, together with a judgment against the defendant C. W. Skinner for a like sum of $2,558, both jointly and severally, with a foreclosure of his mortgage lien on the property described in plaintiff's petition, and in this defendant's mortgage hereto attached and made a part of this petition," and, in the alternative, "that he have judgment against the plaintiff Fulton National Truck Company and C. W. Skinner, both jointly and severally, for the sum of $5,808, with interest since September 7, 1921, according to the notes against said Skinner, with attorney's fees, together with foreclosure of his mortgage lien on all of the property on which he held a lien on September 7, 1921."

On October 8, 1921, appellee Tipps filed his motion to dissolve said temporary injunction, which, on hearing, was granted and said injunction dissolved. There was no appeal from this order. Before this injunction was dissolved, appellant had filed suit in Bexar county, Tex., upon the several notes executed by Skinner to appellant in the purchase of said six automobile trucks, and to foreclose its mortgage lien on said trucks which it had sold Skinner. After the injunction was dissolved, appellant amended its petition filed in the district court of Bexar county and made appellee Tipps a party defendant thereto, and sought a foreclosure of its mortgage lien which Skinner had given upon the personal property and upon which Tipps had originally held a prior lien. In this petition appellant, as plaintiff therein, alleged:

"That heretofore, to wit, on or about the 21st day of July, A. D. 1921, plaintiff sold and

delivered to defendant C. W. Skinner six model C two-ton Fulton trucks, serial numbers respectively 3008, 3009, 3013, 3014, and 3015. That in consideration of the sale and delivery of said trucks to said defendant, said defendant made, executed, and delivered to this plaintiff his 72 promissory notes bearing date the 21st day of July, 1921; 66 of said notes being in the principal sum of $290 each, and the remaining 6 notes being in the principal sum of $309.82 each; all of said notes being by their terms payable to the order of plaintiff and bearing interest at the rate of 10 per cent. per annum from date until paid, and each of said notes provide that the same is payable at San Antonio, Bexar county, Tex. * * * That to secure the payment of said notes the defendant W. F. Hintze at and before the time of their delivery indorsed and guaranteed in writing the payment of same, whereby said defendant Hintze became and is liable and bound and agreed to pay said notes and each of them, according to their tenor and effect as a surety or guarantor of the said defendant Skinner. * * * That defendant Jake Tipps is claiming and asserting to have a mortgage upon some of said stock and the alleged cotton and corn, and said defendant Tipps is made a party hereto so that he may set up, if he wills, such claim, if any, which he may have."

Appellee Tipps filed a plea of privilege and a plea in abatement in the suit so brought by appellant in the district court of Bexar county. The plea of privilege was presented and overruled. The hearing upon the plea in abatement, however, was postponed by the court until said case should be reached upon its merits. Subsequent to such appearance in said cause in the district court of Bexar county, appellee Tipps filed a petition for an injunction in the case of Fulton National Truck Co. No. 40439 B/A v. Jake Tipps et al., in the district court of Dallas county, and being the cause out of which this appeal arose.

As grounds for the issuance of said injunction, appellee Tipps alleged, in substance, that the petition filed by appellant as plaintiff in the district court of Bexar county involved the same cause of action as was involved in the suit instituted by said appellant in the district court of Dallas county, and also the same parties in so far as he, the said Tipps, was concerned; that appellant had voluntarily submitted itself to the jurisdiction of the district court of Dallas county, and that the jurisdiction of said court attached to and became effective as to all parties named in and all matters set out in the original petition filed by appellant on the 20th day of September, A. D. 1921, which was long prior to the filing of the suit by appellant in the district court of Bexar county against said Skinner and appellee on the 13th day of October, 1921; that the district court of Dallas county, having first acquired jurisdiction over the parties to and subject-matter involved in the suit in said court, should retain jurisdiction to the exclusion of the district court of Bexar county so as to proceed to a final determination of all the issues so involved between the parties, in so far as said suit filed in the district court of Bexar county involved the rights of appellee Tipps, the exercise of such jurisdiction being necessary to prevent the possibility of two conflicting judgments being rendered with reference to the same subject-matters and between the same parties interested therein.

On the 25th day of March, A. D. 1922, appellee Tipps presented said petition for injunction to Hon. Royall R. Watkins, special district judge of the Fourteenth judicial district court, Dallas county, and obtained from said judge an order directing and granting the issuance of the writ of injunction as prayed for restraining appellant, Fulton National Truck Company, from prosecuting its suit in the district court of Bexar county against appellee Tipps, and from taking any judgment against him therein. Appellant filed its motion to dissolve said injunction, which motion, on being heard, was by the court overruled and refused; said injunction being continued in force and effect. From this order appellant duly prosecuted and perfected its appeal.

It is necessary to differentiate the two suits in order to properly reveal the true relation the one may bear to the other. The suit filed in the district court of Dallas county is against appellee Tipps and Skinner for the sum of $3,250 alleged to have been paid by appellant to appellee Tipps, and for the cancellation of said draft for $2,258 executed by appellant to said appellee in payment of the consideration contracted to be paid appellee Tipps by appellant in purchasing the note executed by Skinner to appellee Tipps and in acquiring the mortgage lien executed by said Skinner to Tipps to secure said note, which mortgage at said time constituted the first lien upon 20 head of mules, 200 acres of cotton, and 200 acres of corn in Dallas county, and to fix a lien in equity in favor of appellant on said property prior to appellee Tipps' said mortgage lien.

Appellant claimed that appellee Tipps and Skinner had caused appellant by their fraud to satisfy said Tipps' first lien on said property to the extent of the cash payment of $3,250, which appellant made to said appellee Tipps, and that therefore appellant was entitled by subrogation to its lien in equity prior to said appellee Tipps' contract lien in order to secure the repayment of said sum of $3,250 in cash to it. This suit involved only the cancellation of said draft for $2,258, the recovery of $3,250 paid by appellant to appellee, and the foreclosure of the equitable lien claimed by appellant on said live stock, cotton, and corn crops prior to said appellee's lien to secure appellant in the payment of said sum of $3,250.

The suit in the district court of Bexar county is that of appellant against said Skin-

ner and W. F. Hintze upon notes aggregating the sum of $21,000 executed by said Skinner, payable to appellant in Bexar county and indorsed by said Hintze. Said action seeks a foreclosure upon the said six trucks sold by appellant to said Skinner and the foreclosure of the second lien upon said live stock, cotton, and corn crops which Skinner gave to appellant. On the property included in said second mortgage appellee Tipps, at the time of the execution of same, had a prior mortgage lien. Foreclosure upon the six automobile trucks is in no way sought or involved in the suit in the district court of Dallas county, nor are said trucks in any way involved in said suit, nor is the indebtedness of $21,000 evidenced by the notes executed by Skinner to appellant sued for in the district court of Bexar county in any way involved in the suit in the district court of Dallas county, nor is the $3,250 sued for in the district court of Dallas county in any way involved in the district court of Bexar county. Judgment for $3,250 is sought in the suit in the district court of Dallas county and a cancellation of said $2,258 draft; but, in the district court of Bexar county no judgment whatever for any sum is sought against appellee Tipps.

Appellant in filing its suit in the district court of Dallas county did not invoke the jurisdiction of said court in reference to any of the matters contained in and sought to be adjudicated and determined by appellant's suit filed in the district court of Bexar county. Regardless of the character of judgment that should be rendered by the district court of Dallas county in the suit pending in that court, same could not be in conflict with any judgment which might be rendered by the district court of Bexar county on the matters sought to be adjudicated and determined by that court—basing the relief granted by said courts, respectively, upon the causes of action alleged by appellant, as its right to maintain either one or both of said suits must of a necessity depend upon the legal effect of the allegations contained in the petitions filed by appellant in said courts respectively. From the above it must be apparent that the prosecution of the suit pending in the district court of Bexar county to a final conclusion will not have the effect to infringe upon the jurisdiction of the district court of Dallas county. Such interference, of course, could not be tolerated, for the court first acquiring jurisdiction over a subject-matter will retain such jurisdiction to a final determination of all matters in dispute between the parties to such litigation. The jurisdiction of the district court of Dallas county attached to the specific property on which appellant sought foreclosure of its lien as asserted in its pleadings filed in said court. This jurisdiction only attached for the purpose of determining the matters sought to be adjudicated in said suit, to wit, the right of appellant to recover judgment against appel-

lee Tipps and Skinner for the sum of $3,250 and the foreclosure of its equitable lien claimed to exist by virtue of the right of subrogation to the mortgage lien of appellee Tipps on the property on which he held lien, to secure the payment of the indebtedness contracted to be transferred and assigned by said appellee Tipps to appellant. This lien is not involved in the suit pending in the district court of Bexar county and, as the jurisdiction of the district court of Dallas county attached only to such property in so far as it was sought to foreclose the asserted equitable lien thereon in the proceedings before said court, and not to the extent of excluding other foreclosure proceedings instituted in another court based upon other and different liens, although the parties were the same in both suits, as the jurisdiction thus recognized could not prevent the proper exercise of the jurisdiction of the district court of Bexar county to foreclose such other and different liens on some of the specific property involved in the foreclosure proceedings before the district court of Dallas county. The proceedings in the district court of Bexar county do not in any respect so involve the rights of appellee Tipps as prior lienholder to require the interference on the part of the district court of Dallas county through injunction to hold the property in statu quo in order to protect the security of appellee as such prior lienholder, as the purchaser under foreclosure proceedings in the district court of Bexar county, having notice of appellee's mortgage lien, would acquire his rights to the property included in said mortgage subject thereto, unless, however, the rights of appellee as senior lienholder should be adversely determined by the judgment rendered in the district court of Bexar county. Citizens' State Bank v. First Nat. Bank, 56 Tex. Civ. App. 515, 120 S. W. 1141.

Appellant's contract liens asserted in the district court of Bexar county were not, and, because there would have been a misjoinder of causes of action, could not have been, properly embraced within the litigation pending in the district court of Dallas county. It is apparent that the facts relied upon in the petition on which appellee Tipps sought and obtained the temporary writ of injunction involved in this appeal are such that they can be properly interposed as a defense against the suit in Bexar county. Therefore we conclude that appellee Tipps was not entitled to the relief sought by injunction, but should have been remitted to his defense at law in the suit pending against him in the district court of Bexar county. Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591; Lingwiler v. Lingwiler (Tex. Civ. App.) 204 S. W. 786.

The judgment of the trial court overruling appellant's motion to dissolve said temporary writ of injunction is reversed, and judgment here entered dissolving same.

Reversed and rendered.

### On Motion for Rehearing.

Appellee erroneously construes the opinion of this court, as is apparent from the first ground contained in his motion for a rehearing, to wit:

"That this court erred in refusing to recognize exclusive jurisdiction in the Fourteenth District court, which had first acquired jurisdiction over the issues and subject-matter as between Jake Tipps and Fulton National Truck Company."

Therefore, in order to prevent such misconception of the effect of the language used in the original opinion, we will amplify same to the extent of stating that the Fourteenth district court of Dallas county will retain and exercise exclusive jurisdiction over all matters involved in cause No. 40439 B/A, Fulton National Truck Co. v. Jake Tipps et al., presented by the plaintiff's pleadings filed therein, as well as the amended answer and cross-action of appellee Tipps.

Both the original answer and cross-action and the amended answer and cross-action of appellee Tipps filed in said cause put in issue the first mortgage lien asserted by said appellee on the personal property "other than the trucks," and seek judgment for $5,508, including the item of $3,250, and the foreclosure of the mortgage lien securing said sums, and this particular item as a first and prior lien, as is apparent from the prayer in appellee Tipps' original answer and cross-action, viz.:

"Defendant prays, in the alternative, in case the court should hold the contract made between the plaintiff and this defendant to be unenforceable, that he have judgment against plaintiff, Fulton National Truck Company, and C. W. Skinner, both jointly and severally, for the sum of $5,508, with interest since September 7, 1921, according to the notes against said Skinner, with attorney's fees, together with a foreclosure of his mortgage lien on all the property on which he held a lien on September 7, 1921; that plaintiff be held to a strict accounting of all properties and securities delivered to plaintiff by this defendant on September 7, 1921."

The suit brought by appellant in the district court of Bexar county only involves an indebtedness asserted by appellant against C. W. Skinner and W. F. Hintze evidenced by certain notes executed by Skinner, as principal, and Hintze, as indorser, and the foreclosure of mortgage liens on the property described in the petition filed in said court. The allegation in said petition that "de-fendant Jake Tipps is claiming and asserting to have a mortgage upon some of said stock and the alleged cotton and corn, and said Tipps is made a party hereto so that he may set up, if he will, such claim, if any, as he may have," only involves the right on the part of the trial court to determine the priority of liens, to do which the court must ascertain whether or not more than one valid mortgage lien exists upon such property, which includes the right to inquire into the facts necessary to show not only that such lien in fact did exist, but, also, the question of notice, actual or constructive, of the execution of the mortgage on such property asserted as a prior lien.

Appellee Tipps, whether he should be ascertained to be the holder of the junior or senior lien, could not be required to litigate his rights as such lienholder in the suit pending in the district court of Bexar county, as the jurisdiction of that court can only be exercised in so far as appellee Tipps is concerned to determine the priority of liens. Tipps should be left to continue the prosecution of his cross-action filed in the suit pending in the district court of Dallas county. If the pleadings in the suit pending in the district court of Bexar county should be so amended as to attempt to litigate any of the issues involved in the suit in the district court of Dallas county, a plea of pendency of another suit between the same parties involving the same issues should be, and no doubt would be, sustained by the district court of Bexar county. We must assume that the district court of Bexar county will be governed by the established provisions of the law and will render a judgment on the facts and in consonance therewith; and we cannot be in the attitude of prejudging the conduct of that court to be in violation of any of the plain provisions of the law. To sustain appellee's contention enjoining the proceedings authorized by the pleadings as the same now exist would be, in effect, to say to the district court of Bexar county, "We assume that you will not follow and be governed by the law; therefore will anticipate a wrongful judgment and so hedge you in by injunction that you cannot even have the opportunity to exercise with freedom your judicial functions"—and that, too, notwithstanding an appeal to an advisory court is provided for and may be prosecuted under the law to correct any error that might be committed in the disposition of said cause.

The motion for a rehearing is therefore overruled.