JAMES GIBSON V. R. J. MOORE AND WIFE.

Matter which constitutes a defence, of which a party may avail himself in a suit pending against him, cannot be made the ground for an injunction to restrain proceedings in such suit.

Want of jurisdiction in a justice to try an action of forcible entry and detainer, is not ground for an injunction to restrain the plaintiff from proceeding in the case.

The distinction between equitable and legal titles and rights, as respects the forum, has no existence in our remedial system.

When, therefore, the subject matter is within the jurisdiction conferred by law upon a justice of the peace, it is his province to take cognizance of, and decide the case, in favor of the party who has the right, whether it depend upon the one character of title or the other.

But the justice of the peace, because he is authorized to decide a question of right, depending upon an equitable title or defence, cannot therefore exercise the powers of a chancellor, or any of the extraordinary powers belonging exclusively to a Court of Chancery.

Where an injunction was improperly granted, to stay proceedings in a case pending in a Justice's Court, on the ground that the party's defence was of an equitable character, and there was, in the petition, no other cause of action, to require that the case, upon the dissolution of the injunction, should stand over as an original bill, the injunction was properly dissolved, and the petition dismissed.

APPEAL from Lampasas. Tried below before the Hon. Ed. H. Vontress.

This was a suit by the appellant, against the appellees, praying for an injunction to restrain the appellees and the justice of the peace, from proceeding in a case instituted by the appellees against him, before the said justice, for an alleged unlawful detainer in respect of certain lands, which he alleged had been leased by him from the appellees. The appellant, in his petition, alleged that his defence to said action was of an equitable character, cognizable alone in a Court of Chancery, and as to which the said justice of the peace had no jurisdiction; that he went legally and peaceably into possession of the premises sought to be recovered, under a lease for five years, which time had not expired; and that, since going into possession, he had

made large and valuable improvements upon the land, worth at least twelve hundred dollars, for which he would be entitled to compensation, if dispossessed of the land. The appellees filed an answer, and moved to dissolve the injunction and dismiss the petition; which motion was sustained by the court, and the injunction dissolved, and the petition dismissed.

*Hancock* and *West*, for appellant. 1st. The court erred in dissolving the injunction, on the special exceptions of the appellees. It was clear, on the face of the petition, that if the averments were true, (and by the demurrer they were admitted) the injunction should have been sustained. The petition disclosed a very strong case. It showed a contract, verbal, it is true, in its terms, by which the party had entered upon the land, and complied with all the terms of his lease, and made large improvements. It showed, then, a title to the possession, as against the appellees; void, it is true, in law, but good in equity.

That the title was good in equity, has been decided by our court, and by other courts, and was not disputed in the argument below, and so far as we know, will not be disputed here in this court: the following are the authorities establishing its validity conclusively. (Neatherly v. Ripley, decided at Tyler Term, 1858; Hayne v. Maltby, 3 Tex. Rep. 438; Hearn v. Tomlin, Peake's Cases, 212; Taylor's Landlord and Tenant, p. 18, § 32, Ed. of 1852; Jackson v. Pierce, 2 Johns. Rep. 221; Kine v. Balfo, 3 Ball & Beat. Rep. 343.) These decisions, based on the doctrine of part performance, have been repeatedly recognized in our courts, in analogous cases arising under the Statute of Frauds. (Dugan v. Colville, 8 Tex. Rep. 126; Hunt v. Turner, 9 Id. 385; Ottenhouse v. Burleson, 11 Id. 87; Neatherly v. Ripley, Tyler Term, 1858.)

That the title was void, in law, is equally plain from the above decisions. If, then, the title or claim of the appellant was not a good legal defence to the action of the appellees, before a justice of the peace, it is clear that his recourse was to a court of equity; and in a court of equity, the injunction

should have been made perpetual, instead of being dissolved on a demurrer to the bill. This must be so, unless it will be contended that a Justice's Court is a court of equity; and this must be the position to which the appellees will be forced, in order to sustain the ruling of the judge on their demurrer. (Lane v. Howard, *supra*, 7.) But the law gives only to the District Court power to hear cases, "without distinction of law or equity." (Const. of Tex. Art. 4, § 10.) And it would have been the duty of the justice of the peace, under the law, to have ousted the appellant, because the justice of the peace could not exercise equitable jurisdiction; and it would have been impossible, in his limited jurisdiction, to have adjusted the complicated equities that had grown up between the parties. (2 Story's Eq. Jur. §§ 874, 882, 886, 896.) For this error, the cause must be reversed, if for no other.

2d. But there is another error, that is too glaring to be avoided, or to require argument—it was the judgment dismissing the bill. On the case disclosed, it was plain, that the petition presented a cause of action, and on that account the bill should have been retained for a hearing. The following cases have decided the question so frequently, as almost to leave the court below without a shadow of apology for its error. (Fulgham v. Chevallier, 10 Tex. Rep. 518; Burnley v. Cook, 13 Id. 586; Dearborn v. Phillips, Tyler Term, 1858.) On these two errors, it is plain, that the party has been deprived of his equitable remedies, and the appellees, if permitted by this court, can proceed to eject him from the premises, without tendering him payment for his improvements.

*Hamilton* and *Sublett*, for appellees.

WHEELER, CH. J. It is very clear, that matter which will constitute a defence, of which a party may avail himself in a suit pending against him, cannot be made the ground of an injunction to restrain proceedings in the suit. (York v. Gregg, 9 Tex. Rep. 85; Prewitt v. Perry, 6 Id. 260.) Accordingly,

it has been held, that want of jurisdiction in a justice, to try an action of forcible entry and detainer, would not be a ground for an injunction to restrain the plaintiff from proceeding in the case, because it would be a good defence to the action before the justice; and if denied, the defendant would have his remedy by certiorari. (Smith v. Ryan, 20 Tex. Rep. 661.) So, also, it has been decided, that an injunction will not lie, to restrain the prosecution of an action of forcible entry and detainer, on the ground that the plaintiff had never been in possession, and had not the right of possession, or of action. His having brought suit, without good cause of action, would only require of the defendant to interpose his defence, and assert his remedy in that form. (Chadoin v. Magee, 20 Tex. Rep. 476.)

But it is here insisted, that the defendant in the action of forcible entry and detainer, is entitled to have the proceeding enjoined, because, he insists, his defence is one exclusively of equitable cognizance, upon which the justice is incompetent to decide. If we had a separate Court of Chancery, and the law conferred upon justices of the peace cognizance only of legal rights, strictly so called, and excluded from their cognizance all cases where the parties rely on any equitable title, or right, the plaintiff might be entitled to the interposition of the chancellor, to enjoin the defendants from proceeding in this case before the justice. The plaintiff would not be required to make his defence before the justice, when it would be impossible for him to do so effectually. The want of jurisdiction in the justice, to decide upon an equitable title, or entertain an equitable defence, would be good ground for the interference of the Court of Chancery. And the same principle would apply in all cases, whatever the amount in controversy, where the defendant was forced to rely on a purely equitable title. But it will scarcely be contended here, that in all such cases, the District Court may interfere and take jurisdiction of the case, where the amount or subject matter is within the jurisdiction of a justice. As we have no separate Court of Chancery, or court having a distinct chancery jurisdiction, it necessarily results,

that the distinction between equitable and legal titles and rights, as respects the forum, has no existence in our remedial system. The inquiry can never be material, in that regard, whether the title which the party asserts, be a legal or an equitable title; for the plain reason that the law conferring jurisdiction upon the courts, recognizes no such distinction. Jurisdiction is conferred with reference to the subject matter, or amount in controversy, irrespective of the quality of the title. It is the same, whether it be legal or equitable. Where, therefore, the subject matter is within the jurisdiction conferred by law upon a justice of the peace, it is his province to take cognizance of and decide the case, in favor of the party who has the right, whether it depends upon the one character of title or the other.

The question is not, whether a justice of the peace can exercise the powers of a chancellor : it is certain that he cannot. He cannot grant injunctions, and foreclose mortgages, (certainly not, where the property mortgaged exceeds in value his jurisdiction, Lane v. Howard, *supra* 7,) or exercise other extraordinary powers, belonging exclusively to a Court of Chancery. But that is quite a different thing from deciding a question of right, depending upon an equitable title or defence. It is not to be supposed that he, indeed, would be able to decide understandingly, whether the title was legal or equitable, under which parties claimed; while he might have little difficulty in deciding which had the better right. The argument against the jurisdiction of the justice, goes rather to question his legal competency, on the score of information, than his constitutional power to decide. It supposes that he would be unable to give due consideration to the defence, rather than that there is anything wanting in the constitution and organization, or powers of his court, to render him incompetent to decide, provided he had the requisite legal knowledge. Want of legal qualification, may be a good reason why there should be, as there is, a means provided of having his decision revised and corrected, when it

is erroneous; but to grant an injunction, on that ground, would be to introduce a new head of equity jurisdiction.

We are of opinion, that there is nothing in the nature of the defendant's title, to prevent his using it as a defence before the justice, or to prevent the justice from taking cognizance of, and deciding the case. It follows, that it cannot be made the ground of an injunction, to stay proceedings before the justice. The petition manifestly contains no other cause of action, to require the cause to be retained upon the docket. The court, therefore, did not err in dissolving the injunction, and dismissing the petition. The judgment is affirmed.

Judgment affirmed.