### E. P. McMICKLE ET AL. v. W. C. HARDIN, MAYOR, ET AL.

#### Decided December 22, 1900.

**1.—Injunction—Suits to Collect City Taxes—Legal Defenses Available.**

Where a city has brought a number of suits against different parties to enforce against different pieces of property its lien for taxes, an injunction will not lie at the joint suit of such defendant owners to restrain the prosecution of the tax suits upon grounds that would be fully available as a legal defense therein.

**2.—Municipal Incorporation—Validating Acts.**

Where the attempt of a town council to accept the Act of 1875 and thereby become incorporated as a city of over 1000 inhabitants was insufficient in manner, and therefore illegal, as also its subsequent action in annexing additional territory, these things were validated by the Acts of 1891 and 1893 contained in article 386, Revised Statutes, and thereafter the right of the city to collect its taxes could not be defeated because of such irregularities.

Appeal from Bowie. Tried below before Hon. J. M. Talbot.

*Robert R. Lockett* and *Chas. S. Todd,* for appellants.

*R. W. Rogers* and *Wm. T. Hudgins,* for appellees.

RAINEY, CHIEF JUSTICE.—This suit was instituted by E. P. McMickle, A. C. Allen, Richard P. Lumpkin, W. A. J. Smith, and Mrs. S. A. Smith, on the — day of March, 1900, praying for an injunction restraining the appellees, W. C. Hardin, mayor; W. E. Estes, assessor and collector of taxes; R. W. Rogers, city attorney, of the town of Texarkana, Texas, and the town of Texarkana, Texas, as a municipality, from the collection of city taxes alleged to have been unlawfully assessed and sought to be collected upon property of appellants, and to restrain appellees from the further prosecution of numerous suits filed by appellees in the District Court of Bowie County, Texas, seeking judgment for taxes against the property of appellants. A temporary restraining order was entered herein on the 3d day of March, 1900, by E. S. Chambers, district judge of the sixth judicial district, sitting in chambers at Bonham, Texas, and directing the clerk of the District Court of Bowie County, Texas, to issue the writs of injunction prayed for by appellants · upon appellants giving bond in the sum of $500. Bond was given and writs were issued restraining appellees from further proceeding to the collection of taxes, or the prosecution of the suits therefor, till final hearing. On April 6, 1900, upon a full hearing of the

law, and facts, both having been considered together, a judgment was rendered in the District Court of Bowie County, Texas, against appellants and in favor of appellees dissolving and vacating the restraining order theretofore made and dismissing the bill and taxing the costs against appellants.

*Conclusions of Fact.*—In 1874 the village of Texarkana, Texas, was duly and legally incorporated as a town under the laws then in force regulating the incorporation of towns, and said town corporation was duly administered until January 3, 1877, when the town council, at a regular meeting by a unanimous vote passed an ordinance containing, among other things, the following: "We, W. B. Russell, mayor; R. W. Rodgers, J. M. Benefield, W. H. Elliott, J. A. Cambell, and Geo. W. Snell, aldermen of the above mentioned town and city, incorporated under general laws passed January 12, 1858, regulating the incorporation of towns, on the 12th day of June, 1874, do hereby unanimously adopt, accept, and reorganize under and by virtue of the act of the general laws, passed March 15, 1875, regulating the incorporation of cities of one thousand inhabitants and over, not in conflict with the Constitution of the State of Texas, adopted November 23, 1875." At that time the town of Texarkana contained more than 1000 inhabitants. The ordinance then passed, was filed and recorded in the county clerk's office of Bowie County, Texas. At the same meeting and after the adoption of the aforesaid ordinance, said council proceeded to business by acting on a petition of citizens for the extension of the city limits, which was granted. Said petition was signed by a majority of the voters of the territory sought to be annexed. Other territory was annexed in the years 1893 and 1894. The proceedings to annex said territory were in conformity to the then existing laws relating thereto.

The following map shows the original town and the territory annexed and time of annexation. Appellants reside in territory annexed in 1894, and which is not adjacent or contiguous to the territory originally incorporated, being separated therefrom by the territory annexed in 1877. That the seven suits mentioned in plaintiff's petition were instituted and are pending in the District Court of Bowie County, Texas, to enforce tax liens, and about fifty other similar suits for delinquent taxes against other parties are also pending, as alleged in plaintiffs' petition. That the questions of law as to the legality of said taxes are the same, and are common to each and all of said seven suits. But the other suits are for taxes on property situated in different portions of Texarkana, in its original limits, and in other portions of the city. But no question is made as in this case, or answer filed contesting the validity of the tax liens sought to be enforced. That since January 3, 1877, said corporation has acted and been generally recognized by the State and the public as a city of more than 1000 and less than 10,000 inhabitants. That plaintiffs have voted for officers of said city at elections regularly and repeatedly held in all the wards including wards 5

and 6. That said Texarkana, Texas, as a city, has issued and floated its bonds in the sum of $77,000, of which $43,000 are now outstanding in the hands of purchasers for value. That on the 19th day of October, 1898, in cause No. 4177, wherein the city of Texarkana was plaintiff

and Chas. R. Korn was sole defendant, pending in the District Court of Bowie County, Texas, in which suit the legality of the action of the board of aldermen of the town of Texarkana, Texas, in accepting and adopting the provisions of the Act of March 15, 1875, to be incorporated as a city of 1000 inhabitants or over, and the annexation of the terri-

tory adjoining the limits of said town as shown by the minutes of the board of aldermen of said town, which are attached to and made part of the defendants' answer wherein was duly pleaded and at issue, the said court, by its final decree rendered in said cause, did duly adjudicate and determine both of said questions in favor of said city of Texarkana, and adjudge such annexed territory to be an integral part of and within the corporate limits of said city of Texarkana, and the property therein situated subject to taxation by said city.

*Conclusions of Law.*—1.   We are of the opinion that plaintiffs were not entitled to the writ of injunction to restrain the proceedings in the suits already instituted against them by the defendant herein.   We are aware that our Supreme Court has held that a number of inhabitants of a municipality may join in an action to enjoin the officers thereof from the collection of an illegal tax.   In those cases, however, the injunction proceedings were brought before there were any suits instituted in the courts to enforce collection. In Gibson v. Moore, 22 Texas, 611, Wheeler, Chief Justice, broadly states the principle, "that matter which will constitute a defence of which a party may avail himself in a suit pending against him can not be made the ground of an injunction to restrain proceedings in such suit."

In Sumner v. Crawford, 91 Texas, 129, Justice Denman, in discussing the rule in equity that an injunction will not lie where the plaintiff has an adequate remedy at law, quotes with approval as follows:  "It is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity," citing Watson v. Sutherland, 5 Wall., 74; North v. Peters, 138 U. S., 271.   The plaintiffs could have plead the matters here urged for relief in the suits then pending against them, and such relief as they are entitled to would be administered as practically and efficiently as in this proceeding.   In said case it is further held that under our statute the right to the writ is not limited absolutely to the rules of equity, but should be issued when, in order to give the relief to which the party is entitled, the restraint of some act is necessary.

The plaintiffs having the right to interpose the matters here urged for relief as a defense in the suits pending, it was not necessary for their relief that this proceeding should be instituted.   The ground urged in support of the right to bring this suit, that it will prevent a multiplicity of suits, is not sufficient under the facts to take this case out of the rule laid down in Gibson v. Moore, supra.

2.   The attempt of the town council to accept the provisions of the Act of 1875 and thereby become a city was of no effect.   Harness v. State, 76 Texas, 566, and authorities there cited.   However, we think such attempt was validated by acts of the legislature in 1891 and 1895.  See Rev. Stats., art. 386.   The Legislature had the authority to author-

ize chartered towns to accept the provisions of law relating to cities and thereby become chartered cities. Having such authority, it follows that the validating acts apply to this case, the provisions thereof being sufficiently comprehensive to embrace the attempt to incorporate as a city. Said acts of the Legislature not only validated the attempt to incorporate as a city, but also acts done by the council that could have been legally done had such attempt been in accord with the then existing law. The annexing of the territory being in accord with the provisions of the law relating to cities, such annexation also becomes validated by said acts of the Legislature.

The city of Texarkana has the right to enforce the collection of the taxes, and the judgment is affirmed.

<em>Affirmed.</em>