## LINGWILER v. LINGWILER.
(No. 8134.)

(Court of Civil Appeals of Texas. Dallas. June 22, 1918.)

1. INJUNCTION ⚖⇒122—RIGHT TO REMEDY—VERIFICATION OF PETITION—SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4649, requiring verified petition as requisite to injunction, verification "according to affiant's best belief" is insufficient.

2. INJUNCTION ⚖⇒122—VERIFICATION OF PETITION—DIVORCE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4639, authorizing such temporary orders in divorce as are deemed necessary and equitable, does not dispense with requirement of article 4649 that petition in divorce suit for injunction be verified.

3. INJUNCTION ⚖⇒26(6)—RIGHT TO REMEDY—EXISTENCE OF LEGAL REMEDY.

Husband having sued for divorce in one county was not entitled to injunction restraining the wife from suing for divorce in another county and secreting the children, since the husband could avail himself of such matter in any suit brought by wife.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by George W. Lingwiler against Mrs. Earl Lingwiler. Decree for plaintiff, and defendant appeals. Reversed, and injunction dissolved.

Lea, McGrady & Thomason, of El Paso, and Adams & Stennis, of Dallas, for appellant. M. M. Parks, of Dallas, for appellee.

TALBOT, J. This suit was instituted by the appellee in the district court of Dallas county against the appellant for divorce, custody of the minor children and partition of the community property. After alleging the grounds upon which the divorce was asked and that appellee was better qualified in every way to care for, maintain, and educate the children, appellee charged, in effect, that it was his belief that appellant had left her home in Dallas county and gone to the county of El Paso, taking the minor children of herself and appellee with her for the purpose of trying to establish the six months bona fide residence there and of suing appellee for a divorce in that county, and that unless the court should grant a writ of injunction restraining appellant from doing so she will sue appellee for a divorce in said El Paso county, and, before the trial of this suit, she will either secrete the said children or possibly have them removed out of the state of Texas to prevent the appellee from having their custody decreed to him. The prayer of the petition is that the court cause to be issued a writ of injunction restraining the appellant pending this suit from bringing any suit for divorce or for the custody of said minor children in any district court of El Paso county, Tex., and from secreting or removing said children out of this state; that a decree dissolving the bonds of matrimony existing between appellee and appellant, and awarding appellee the custody, control, and maintenance of said children and partitioning the community property of appellee and appellant be rendered. Upon the filing of the appellee's petition and on, to wit, May 7, 1918, Hon. E. B. Muse, judge of the Forty-Fourth judicial district, without notice to appellant, commanded the issuance of the injunction as prayed for, and within the time prescribed by law appellant perfected an appeal from said order to this court.

[1] The first ground urged for a reversal of the court's order granting the writ of injunction is that the petition upon which it was granted is not verified as required by law. The affidavit to the petition, omitting the formal parts, is as follows:

---

"George W. Lingwiler, plaintiff, after being duly sworn by the undersigned authority, says on oath that the facts set forth in the foregoing petition are true according to his best belief."

This affidavit, under the statute and several decisions of the appellate courts of this state, is clearly insufficient to authorize the action of the court and alone entitles appellant to a dissolution of the injunction granted. Our statute (article 4649) provides that no writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge, verified by affidavit, and this statute has not been complied with in an affidavit which shows that the affiant swore to the facts set up in the petition upon information or belief. This court had occasion in the recent case of Graves v. M. Griffin O'Neil & Sons, 189 S. W. 778, to pass upon an affidavit for injunction similar to the one here in question, and we there pointed out that the test of the sufficiency of the verification required by the statute referred to, according to the decision of the appellate courts of this state, is that "the affidavit of the facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made," citing Pullen v. Baker, 41 Tex. 419; Moss v. Whitson, 130 S. W. 1034; Clarey v. Hurst, 136 S. W. 840; Smith v. Banks, 152 S. W. 449. That the affidavit must state the facts alleged are true, and that such statement must be positive and not based upon hearsay is affirmed in Railway Co. v. Pietzsch, 10 Tex. Civ. App. 572, 30 S. W. 1083. The affidavit to appellee's petition not being in compliance with the statute the injunction prayed for should have been refused.

[2] The contention of appellee to the effect that, since the trial court or judge thereof under article 4639 of Vernon's Sayles' Civil Statutes may make such temporary orders respecting the property and parties pending a suit for divorce, as shall be deemed necessary and equitable, it was not necessary that appellee's petition should have been sworn to at all to authorize the court to grant the injunctive relief sought, cannot be maintained. The statute invoked in support of the contention does not embrace within its purview the granting or ordering of the injunctions, whilst the statute requiring the verification of the petition seems to comprehend every character of suit in which relief by injunction is asked, and is mandatory. The exact language of the statute is as follows:

"No writ of injunction shall be granted, unless the applicant therefor shall present his petition to the judge, verified by his affidavit taken before some officer authorized to administer oaths, and containing a plain and intelligible statement of the grounds for such relief."

[3] The appellant further contends that no right was shown why appellant should be enjoined from filing a suit against appellee in the district court of El Paso county. In support of this contention appellant invokes the well-recognized and familiar rule that equity will not enjoin an action at law where the party seeking the injunction has a good defense at law; that matter which will constitute a defense of which a party may avail himself in a suit pending against him cannot be made the ground of an injunction to restrain proceedings in such suit. This doctrine is well established and so generally recognized that we deem the citation of authorities unnecessary. There is no special provision of statute upon which appellee can rest his claim for an injunction restraining appellant from instituting suit against him in El Paso county for divorce. Whatever right he may have for such relief must be found in the general principles of equity, and since equity, as before stated, will not enjoin an action at law where the party seeking the injunction has a good defense at law, and since, if appellant should wrongfully sue appellee in El Paso county, he would have an adequate legal remedy of which he could avail himself in such suit, he was not entitled to the injunction granted in this case restraining appellant from suing in that county.

That appellee upon sufficient allegations properly sworn to that appellant was threatening or in the act of removing the minor children of himself and wife beyond the limits of this state, or that she would probably secrete them before the trial of this case so that a judgment awarding their custody to him would be unavailing, would be entitled to an injunction restraining such action on the part of appellant is clear, and seems to be unquestioned by appellant. But if it should be conceded that the allegations of appellee's petition were sufficiently full and positive upon this phase of the case to entitle him to an injunction restraining appellant from so removing or secreting said children, which is not done, still since the petition was not properly verified that relief should not have been granted.

It does not become necessary for us to determine, for a proper disposition of this appeal, whether or not the allegations of appellee's petition were sufficient, if sustained by evidence, to entitle him to dissolution of his marriage with appellant, and we express no opinion upon that question.

For the reasons indicated, the judgment of the district court is reversed, and the injunction dissolved.