## TWIN CITY CO. et al. v. BIRCHFIELD. (No. 8567.)

(Court of Civil Appeals of Texas. Dallas. Feb. 5, 1921. Rehearing Denied March 5, 1921.)

1. **Injunction** ⊛═148(2)—**Bond should have been in double amount of debt collection of which sought to be enjoined.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4650, in suit to restrain collection of a debt on notes, given for the price of machinery, and amounting to approximately $3,200, two bonds given by plaintiff, the first in the sum of $1,000, the second in the sum of $3,000, were insufficient; under the statute bond should have been given in double the amount of the debt.

2. **Courts** ⊛═480(1)—**Equity will not ordinarily interfere between courts of co-ordinate jurisdiction.**

As between courts of co-ordinate jurisdiction, courts of equity will not ordinarily interfere by way of injunction in the absence of special circumstances presenting ground for equitable relief; the general rule being that as between such courts the one first acquiring jurisdiction of the subject-matter of an action is permitted to retain it to the end.

3. **Injunction** ⊛═32—**Plaintiff held not entitled to restrain prosecution of suit in other county.**

Where all the grounds alleged by plaintiff as basis for writ of injunction against suit to collect a debt on notes given for machinery bought by him of defendants were available as defenses, either in a suit of a defendant against plaintiff pending in the court of another county, or in plaintiff's suit against another defendant pending in a federal court, plaintiff was not entitled to writ of injunction restraining the first-mentioned defendant from prosecuting his suit in the court of another county.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by J. T. Birchfield against the Twin City Company and another. From judgment

---

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for plaintiff granting temporary injunction, defendants appeal. Reversed, and temporary injunction dissolved.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellants.

Walker & Baker, of Cleburne, and Crane & Crane, of Dallas, for appellee.

TALBOT, J. This suit was brought by appellee, J. T. Birchfield, against Twin City Company, a corporation, and R. B. George, in the district court of Dallas county, Tex., to recover damages for an alleged breach of warranty growing out of the purchase of certain machinery and to restrain the defendant R. B. George, by writ of injunction, from the further prosecution of a suit on notes given by appellee for purchase of the machinery mentioned, which suit was filed and then pending in the district court of Harris county, Tex. A temporary injunction was granted, and appellant R. B. George filed a motion to dissolve the same, which was heard by the court on the 20th day of November, 1920, and in all things overruled; whereupon appellant, in open court, duly excepted and gave notice of appeal to this court, and the action of the trial court in refusing to dissolve such injunction is now before this court for review.

The petition alleges that on April 26, 1919, the appellant George, and B. P. Clark, as agents of the Twin City Company, proposed to sell to the appellee, Birchfield, an oil burning engine; that as an inducement for appellee to buy, George and Clark stated that the engine would pull the appellee's separator much easier than the steam engine with which the separator was then being operated; that a boy could operate the oil burning engine and that it would not be necessary to have a high-priced man for that purpose; that the oil burner could be operated on 60 gallons of oil a day, based on 10 hours' steady run, and that it would run the appellee's separator with all the grain the separator would take. The petition further alleges that the appellant R. B. George represented to the appellee that the gears of the oil burner, which they proposed to sell to appellee, were steel cut and that there was no possible chance for the engine to give any trouble; that the engine would not get hot enough for water to boil in the radiator, and would burn coal oil, or any other low-grade fuel that any other engine would burn; that appellee demanded that a written contract be entered into, to the effect that the said engine would operate his said separator successfully in all kinds of grains; that the said R. B. George replied that he would put such a guaranty in the contract; that plaintiff upon that promise and believing that the guaranty, as broad and as comprehensive as their representations, would be put in the contract, stated to him that upon those con-

ditions he would buy said engine, and thereupon executed a written contract for the purchase of said machinery.

Plaintiff further averred that he had been dealing with the said Twin City Company through the said R. B. George for a long while; that he knew them well, as he believed, and had confidence in their statements, and that for this reason he did not carefully scrutinize the written contract which he was assured by the defendant R. B. George would contain all of the stipulations and agreements entered into preceding its execution, and all of the representations made by him and the said Clark; that in pursuance of the terms of the said contract the plaintiff gave to the said George and Clark his check for $250 to pay for the freight at the time he signed said contract, and they agreed to sell to him an engine which they had upon the sales room floor at Dallas; that in pursuance of the terms of the contract, he (appellee) executed his two notes for $1,300 each, payable to the Twin City Company, one due on the 1st day of October, 1919, and the other on the 1st day of October, 1920, both of which notes bore interest at the rate of 8 per cent. per annum; that he was an experienced threshing machine man, and was so experienced on the date when the engine was delivered to him; that he attempted to operate this new engine delivered to him, but he found that it was entirely insufficient, and would not move the separator from point to point, as it was originally designed to do, with any degree of speed, nor would it operate the separator at exceeding about one-half of its capacity; that plaintiff applied to the defendants for an expert to operate same until it could be made to do the work that it was warranted to do; that the expert came, but it could not be made to fulfill its guaranty; that half work was all that it would do under the most favorable circumstances.

Appellee further alleged that the two notes above described are now claimed by R. B. George, but that as plaintiff is informed and believes, they are the property of the Twin City Company; that the said R. B. George has, in his own name, brought suit thereon against plaintiff in the district court of Harris county, Tex., to plaintiff's great damage, and that unless restrained by injunction the plaintiff will be compelled to try out the validity of the said notes and the fact of their ownership in said Harris county district court. Plaintiff avers that the transfer of the said notes to said R. B. George was fraudulent and was made for the purpose of enabling the said R. B. George to bring suit thereon in his own name, but for the benefit of the said Twin City Company; that by bringing said suit at Houston, Harris county, Tex., which is some 300 miles distant from plaintiff's home, plaintiff would be at a

great disadvantage in making his defense and would be thereby prevented from making and prosecuting his claim for damages herein; that he had been damaged in the sum of $2,515.32, for which he prayed judgment, together with judgment for $250 freight bill and the value of the engine which he gave to Twin City Company, to wit, the sum of $1,200, and for judgment canceling the notes given at the time he purchased said machinery; also, that the defendant R. B. George be enjoined and restrained from the further prosecution of his suit on said notes in Harris county, Tex., and that he be compelled to answer what, if any, interest he had in said notes and how he acquired same. The judge of the Forty-Fourth judicial district court of Dallas county, Tex., indorsed upon said petition his fiat, directing the clerk of the district court to issue the writ of injunction prayed for upon the plaintiff giving bond as required by law in the sum of $1,-000. The bond was given and the injunction issued as directed.

Prior to the institution of this suit appellee brought suit against the Twin City Company in the district court of Johnson county, Tex., the county of appellee's residence, based on the same cause of action made the foundation of the present suit. This suit was upon application of the Twin City Company removed to the United States District Court at Dallas, where it is now pending. The notes in question were payable at Houston, in Harris county, Tex.

The appellants filed a verified answer denying the material allegations of the appellee's petition, and urged in his motion to dissolve the writ of injunction, among other things, the following: First, that the appellee's petition showed no ground, either in law or equity, for the issuance of said writ; second, that it appears from the appellee's petition, and is a fact, that the appellant R. B. George, prior to the institution of this suit, sued the appellee Birchfield, in the district court of Harris county, Tex., to recover on the notes executed by the appellee as a part of the consideration for the machinery in question, and that the appellee was duly and legally served with citation in said suit; that appellant is the owner and holder of said notes, which are by their terms payable at Houston in Harris county, Tex., and the effort of the appellee is to restrain the appellant and a court of competent and equal jurisdiction with the district court of Dallas county, Tex., from proceeding to a final hearing and judgment in said district court of Harris county; third, that there is now pending in the United States District Court for the Northern District of Texas at Dallas, Tex., a certain suit by J. T. Birchfield against the Twin City Company on the identical cause of action herein sued on, being suit No. 2983 at law in said United States

District Court, wherein plaintiff has asked the same or substantially the same relief sought for herein, except that of writ of injunction, and this defendant believes that plaintiff is not entitled to maintain this suit, during the pendency of said above-described suit now pending in said federal court; fourth, that it appears from appellee's petition, and is a fact, that this suit and the injunction issued therein is an endeavor on the part of the appellee to enjoin appellants from the collection of a debt created by the notes sued on in the suit of the appellant against the appellee, pending in the district court of Harris county, Tex., amounting to about $3,200, and the injunction bond required by the fiat of the judge granting said writ is only $1,000, when under the statute such bond should have been double the amount of said debt.

[1] These contentions of the appellant are sound. Article 4650 of Vernon's Sayles' Civil Statutes declares that—

"If [a writ of] injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in double the amount of such judgment or debt."

The purpose of the injunction prayed for and granted in this suit was to restrain the appellant, through his suit pending in the district court of Harris county, Tex., from the collection of a debt alleged to be due him amounting, principal, interest, and attorney's fees, to approximately $3,200. The first bond required was, as stated, only $1,000. Later the appellee was directed to execute bond in the sum of $3,000. Neither bond was in double the amount of the debt, the collection of which appellee sought to enjoin, and hence not sufficient in amount to meet the requirements of the statute.

[2, 3] The principal question, however, arises on the contention that the facts alleged and evidence adduced on the hearing of the motion to dissolve required the dissolution of the temporary injunction theretofore granted. We need not stop to consider whether the appellee's petition states a cause of action; for even if it be conceded that it does, appellant's motion to dissolve the injunction should, in our opinion, have been sustained. As between courts of co-ordinate jurisdiction, courts of equity will not ordinarily interfere by way of injunction, in the absence of special circumstances presenting a ground for equitable relief; the general rule being that as between such courts the one first acquiring jurisdiction of the subject-matter of an action is permitted to retain it to the end. Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; Gray v. Railway Co., 151 Ala. 215, 43 South. 859, 11 L. R. A. (N. S.) 581. In Gray's Case the court, after declaring the well-established

rule to be that in cases where two courts have concurrent jurisdiction, the court which first takes cognizance of the cause retains it to the exclusion of the other, quotes approvingly from High on Injunctions, § 15, the following:

"Where one of two courts of co-ordinate jurisdiction and powers has obtained jurisdiction of a cause, it should retain it until finally disposed of; and, although both courts may have authority to grant injunctions, yet, if one tribunal, properly having cognizance of the case, has exercised its jurisdiction, the other should refuse to interfere. Nor will the prosecution of a suit in one court be enjoined by a court of co-ordinate jurisdiction, when the former tribunal may afford adequate relief."

All the grounds alleged in the present suit as a basis for the issuance of the writ of injunction granted, clearly were available as defenses, either in the suit of the appellant George against the appellee, Birchfield, pending in former's suit against the latter in the district court of Harris county, or in the appellee's suit against the Twin City Company pending in the United States District Court for the Northern District of Texas at Dallas, Tex. This being true, the appellee was not in this, an independent suit filed in this court, entitled to a writ of injunction restraining the appellant from prosecuting his suit, in Harris county. Smith v. Ryan, 20 Tex. 661; Gibson v. Moore, 22 Tex. 611; McMickle v. Hardin, 25 Tex. Civ. App. 222, 61 S. W. 322; Lingwiler v. Lingwiler, 204 S. W. 785; Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565. In Lingwiler v. Lingwiler, supra, this court recognized and applied the familiar rule that equity will not enjoin an action at law where the party seeking the injunction has a good defense at law; that matter which will constitute a defense of which a party may avail himself in a suit pending against him cannot be made the ground of an injunction to restrain proceedings in such suit. To the same effect are the other cases cited. We are aware that—

"The tendency of the holding of the Supreme Court has been in recent years to so modify the common-law doctrine of denying the equitable remedy of injunction where there exists an adequate remedy at law, as that remedy is commonly understood, as to hold that article 2980, Revised Statutes, gives the remedy by injunction not only 'in all cases where the applicant for the writ may show himself entitled thereto under the principles of equity,' but in addition thereto the remedy by injunction is given 'where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant.'"

Notably among the cases in which it has been so held are Sumner v. Crawford, 91 Tex.

129, 41 S. W. 994, and Southwestern Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049. These cases, nor any other of like import in this state, go to the extent of overturning the long-established and almost universal rule announced in the cases cited in support of our ruling in the case at bar, and we are unwilling to do so. It appears, as we understand the record before us, that the appellee can obtain all the relief to which he may show himself entitled, either in the suit of the appellant George against him pending in the district court of Harris county, or in the suit brought by appellee against the Twin City ⸻Company and pending in the federal court at Dallas. The fact that the Twin City is not a party to George's suit pending in Harris county and that George is not a party to the appellee's suit pending in the federal court is not such an obstacle as will preclude appellee from obtaining complete relief in those suits. Whatever relief sought that the appellee may not obtain in the one of said suits may be obtained in the other, and to disturb their jurisdiction by another court of equal power will be, as suggested by the appellant, inviting a multiplicity of suits. The alleged fact that the appellee will be compelled to try out the validity and ownership of the notes in question in the district court of Harris county, Tex., and will be put to some disadvantage and, perhaps, extra expense in presenting his defenses in that court because Harris county is some 300 miles distant from appellee's home, furnishes no sufficient reason for granting the injunction. By making the notes payable in Harris county, appellee consented that such litigation as should arise over them might be tried out in that county.

The judgment of the district court is reversed and the temporary injunction dissolved.