## PAVEY et al. v. McFARLAND et al.
(No. 8676.)

(Court of Civil Appeals of Texas. Dallas. Nov. 12, 1921.)

**1. Appeal and error ⊚⟶569(1)—Trial court must determine whether letter in statement of facts had been introduced in evidence.**

Where the parties could not agree on statement of facts as to whether letter had been introduced in evidence, it was the court's duty, by a positive and unequivocal act, either to incorporate the letter in, or exclude it from, the statement of facts sent to the appellate court.

**2. Injunction ⊚⟶33—May be issued to enjoin prosecution of suits in foreign courts.**

Equity may enjoin persons within its jurisdiction from prosecuting suits in foreign courts.

**3. Mortgages ⊚⟶413—Petition held not to entitle plaintiffs to enjoin mortgage foreclosure suit in foreign court.**

Petition, to enjoin prosecution of proceeding to foreclose deed of trust in other state, conceding that the notes secured thereby were given defendants as stockholders of a corporation because of unauthorized appropriation of corporate funds by plaintiffs, and that plaintiffs had before discovery of appropriation executed notes to the corporation evidencing the amount so appropriated and secured by deed of trust on same land, and alleging that notes to defendants had been procured by threats of prosecution, that defendants had agreed to pay all the indebtedness of plaintiffs to the corporation and another debt to a bank in return for stock transferred by plaintiffs to defendants, and that the deed of trust securing notes to defendants was not to be foreclosed unless, on an accounting, it appeared that the value of the stock was less than such indebtedness, without alleging facts showing the value of the stock, held not to entitle plaintiffs to injunction, in that it alleged no material facts which would not constitute a proper defense to a suit upon the notes.

**4. Injunction ⊚⟶26(6) — Prosecution of suit not enjoined, if facts can properly be interposed as defense against suit.**

When an injunction is sought against the prosecution of a suit, and the facts in the petition which are made the basis of injunctive relief appear to be such that they can properly be interposed as a defense against the suit, prosecution of which is sought to be enjoined, ordinarily the injunction will be denied.

**5. Injunction ⊚⟶146—Sworn answer properly considered on question of whether temporary injunction should be granted.**

Sworn plea of defendants was properly considered by trial court, in connection with other parts of the record, on question of whether temporary injunction should be granted.

**6. Injunction ⊚⟶135—Granting of temporary injunction discretionary with court.**

Trial judges are clothed with large discretion in determining whether or not temporary injunctions will be granted.

**7. Appeal and error ⊚⟶954(1)—Whether temporary injunction should be granted discretionary.**

Unless it clearly appears on appeal that lower court abused its discretion in determining whether or not a temporary injunction should be granted, its ruling will not be disturbed.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by H. M. Pavey and another against S. J. McFarland and another. From an order declining to grant a temporary injunction, plaintiffs appeal. Affirmed.

A. H. Mount, of Dallas, for appellants.

Muse & Muse and Cavin Muse, all of Dallas, for appellees.

HAMILTON, J. This appeal is prosecuted from an order of the district court declining to grant a temporary injunction.

Previous to July 14, 1920, Trinity Tire & Service Company, a private corporation, was conducting its business in Dallas county, Tex., and Central Tire & Rubber Company of Waco, Tex., another corporation, was conducting its business in Waco, Tex. The total capital stock of Trinity Tire & Service Company was $12,000. Only $6,000 of the capital stock had been paid in, but the remainder had been derived from increase in value of assets. It was owned in equal shares by the appellants H. M. Pavey and H. L. Freear and S. J. McFarland and Dan Rogers, the individual appellees, each of whom had subscribed for 30 shares of the capital stock of the par value of $100 per share, and each of whom had paid thereon the sum of $1,500. The total capital of Central Tire & Rubber Company of Waco is not disclosed by the record, but it seems that the two appellants and the appellees S. J. McFarland and Dan Rogers each owned 10 shares of its stock of the par value of $100.

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Pavey, Freear, McFarland, and Rogers not only constituted all the shareholders in Trinity Tire & Service Company, but also composed the board of directors. Pavey and Freear were, respectively, president and secretary of this organization, and as such officers had the exclusive active management of its affairs continuously from the organization until July 14, 1920. In the course of events each one of the appellees wrongfully took money from the funds of the corporation without the knowledge and consent of McFarland and Rogers, who, as aforesaid, were not active in the management of its affairs; the management and conduct of the business being intrusted to appellants. The aggregate amount which they thus appropriated to themselves from the assets of the company, as admitted by them, was $8,500. They executed notes to the company for this amount before the other stockholders learned of the indebtedness, and the notes appear to have been secured by some character of mortgage upon an interest in land in Fayette county, Ohio, owned by Pavey.

A short time prior to July 14, 1920, McFarland and Rogers discovered that funds of the company had been taken by Pavey and Freear in the unwarranted manner above stated. Negotiations and discussions were immediately entered into between McFarland and Rogers on the one hand and Pavey and Freear on the other, after the discovery of the latter two's conduct and of the indebtedness resulting from it, which negotiations and discussion resulted in McFarland and Rogers demanding that Pavey and Freear entirely sever their connections with the affairs of both corporations.

Transactions looking to this end terminated on July 14, 1920, in the notes executed by Pavey and Freear to the Trinity Tire & Service Company being delivered to McFarland and Rogers, or to Trinity Tire & Service Company and to S. G. McFarland as trustee, secured by a deed of trust upon Pavey's interest in the Ohio land. Also as a result of these negotiations Pavey and Freear seem to have delivered all their stock in both corporations either to McFarland and Rogers or to Trinity Tire & Service Company. The notes matured and suit was filed in Fayette county, Ohio, to recover the aggregate amount of the notes and an additional sum alleged to be owing to the corporation by appellants, and which additional sum appellees allege and contend was secured by the same deed of trust which secured the $8,500 indebtedness. The total amount for which foreclosure suit was filed, as above stated, was $11,942.50.

Upon the filing of the foreclosure suit in Fayette county, Ohio, appellants instituted this proceeding. They allege substantially (among other things not material to our consideration of this case) that on July 14, 1920, McFarland and Rogers, as officers of the corporation, were pressing appellants for payment of their debts, and threatening them with criminal prosecution for wrongful appropriation of the company's funds, and that because of threats appellants were put under duress and forced to sell their stock in the two corporations, and also by duress induced and compelled to execute a deed of trust upon which the foreclosure suit was predicated. They alleged that McFarland and Rogers, in consideration of the transfer by appellants of their said stock, agreed to pay all the indebtedness owing by appellants to the Trinity Tire & Service Company, and also $2,000 which they owed to the Security National Bank of Dallas, and that the deed of trust was to be held as indemnity by McFarland as trustee. They also alleged that an accounting was to be had, and that in the event it disclosed the value of the stock transferred to be less than the indebtedness of appellants, then in such event the balance should be realized by foreclosure of the deed of trust. It was alleged that the books of the company were to be audited immediately and an inventory of the assets and liabilities of the Trinity Tire & Service Company and of Central Tire & Rubber Company of Waco made, and from the same the value of the stock transferred determined; that appellants were to have credit for the stock transferred, and were to be charged with their several items of indebtedness, and that if the audit disclosed that the value of the stock exceeded the entire indebtedness, then McFarland and Rogers were to pay the excess in cash; whereas, on the other hand, if the audit revealed that the entire indebtedness exceeded the value of the stock, then appellants were to execute their notes to McFarland and Rogers for the difference, and secure it with a deed of trust against the land. It was not alleged that McFarland and Rogers were to have the audit made, nor that the corporation was to have the audit made. The allegations seem to indicate that the audit was to be provided mutually by appellants and appellees. It was alleged that McFarland and Rogers had refused to have a correct audit made, had disregarded the agreement to that effect, and that suit had been instituted in the court of common pleas of Fayette county, Ohio, for foreclosure of the deed of trust executed to Trinity Tire & Service Company to secure the indebtedness claimed. It was alleged that appellants owed none of the money; that although at the time the deed of trust was executed and delivered the indebtedness of appellants evidenced by the notes was in existence, and while the deed of trust expressly states that it was given to secure notes which appellants owed the Trinity Tire & Service Company, yet, when considered in connection with the agreement had among all the parties, the deed of trust appeared to have been executed for the purpose of indemnifying McFarland

and Rogers against loss by their assumption of and agreement to pay the indebtedness which appellants owed Trinity Tire & Service Company and the Security National Bank; that McFarland and Rogers became primarily liable for the payment of the indebtedness of appellants; and that it was not contemplated that the deed of trust should ever be foreclosed because of the indebtedness to the Trinity Tire & Service Company, which it was understood should be paid by McFarland and Rogers. It was also alleged that the actual value of appellants' stock in the two corporations at the time of the transaction was $16,000, and that after all indebtedness had been paid McFarland and Rogers would owe appellants at least $3,000.

There was also a prayer for the appointment of an auditor as well as for the issuance of a temporary writ of injunction. The appellees Rogers and McFarland and the corporate defendant Trinity Tire & Service Company answered the verified petition of appellants, and first excepted to its allegations as being insufficient to state any cause of action. Various special exceptions were directed against it to the following effects: First, that, while appellants affirmatively alleged the execution and delivery of the notes and the deed of trust to secure them, they failed to allege any payment which in equity would justify the relief sought; second, that the allegations of threatened duress constituted conclusions of the pleader, and not statements of facts sufficient to comply with the requirements of the law of pleading; third, that the allegations disclose that the foreclosure proceedings were in the state of Ohio, and beyond the jurisdiction of the court; fourth, that since another suit was pending in the courts of the state of Ohio at the time this suit was filed, and which involved the same issues, subject-matter, and parties, this court was without jurisdiction.

The appellees filed a verified answer denying the allegations of the petition, and specially alleging that Rogers and McFarland had purchased no stock and had agreed to purchase no stock from appellants in the Trinity Tire & Service Company, but that, as officers of the corporation, they accepted appellants' stock in the Central Tire & Rubber Company for the account of the Trinity Tire & Service Company for the sum of $2,800, to be applied as a credit on the indebtedness of appellants to the Trinity Tire & Service Company. They further answered that appellants were the officers in the active management of the Trinity Tire & Service Company, each receiving a salary, while appellants and the defendants Rogers and McFarland were all the shareholders in equal amounts of the capital stock; that appellants had agreed to furnish monthly detail statements of the business and affairs of the company; that correct statements

234 S.W.—38

were not supplied as discovered by Rogers and McFarland about July, 1920, whereupon an auditor was employed to make an audit of the business, which disclosed the wrongful appropriation and embezzlement of the corporation's funds by appellants. They alleged that no such agreement as that contained in the petition was ever made, but that, while the audit instituted by McFarland and Rogers was in process, it became apparent that the capital of the corporation had been seriously impaired by the unlawful and wrongful withdrawal of funds from it by appellants, and that to secure the payment of notes executed to cover such funds taken by appellants the deed of trust was executed as well as to cover various open accounts due to the corporation which had been converted by the appellants, whose conduct in withdrawing the funds of the business had rendered it virtually insolvent. Appellees further answered that appellants had indorsed their stock in blank with the company, but that Rogers and McFarland asserted no right to it; that its value was purely speculative, and that it had no market value because of the impairment of the capital; and that the stock was being held by the corporation to better secure the indebtedness against appellants, and would be redelivered to them upon the final discharge of their indebtedness to the corporation. They alleged that the audit of the books was made at the very time the differences were alleged to have occurred; that appellants were present and had free access to the audit; that they obtained a copy of it at the time it was made; that the books of the company are now open to them and have always been open to them; and that they were at liberty to have an audit made at their own expense. Appellees further alleged that the audit which had been made at the time the indebtedness of appellants to the corporation was disclosed and determined was made by an impartial auditor then acceptable to appellants, and that appellees were willing to have it verified by any reputable auditing firm at appellants' expense.

It seems that at the time of the delivery of the stock in the Trinity Tire & Service Company and in the Central Tire & Rubber Company by appellants, a letter addressed to McFarland and Rogers was written by appellants and delivered with their stock and the deed of trust given to secure the notes executed to the Trinity Tire & Service Company.

It is contended by appellants that this letter was introduced in evidence. On the contrary, appellees assert that the letter was not introduced in evidence, but that it was merely handed to the judge of the trial court during the hearing of the application for injunction, and upon objection being made by appellees to its introduction it was excluded. The statement of facts is not signed

by counsel for appellees. There is appended to the statement of facts a brief statement written by the trial judge, the effect of which it is difficult for us to determine. He did not sign and approve the statement of facts as it was submitted to him, unless the above-mentioned statement made by him and which is appended to the statement of facts can be said to amount to an approval of it. That statement is as follows:

"The attorneys failed to agree on this statement of facts, the contention being as to whether a certain alleged letter which was alleged to have been tendered McFarland and Rogers July 14th was introduced in evidence or not. The letter was unsigned and was read by the court, but had nothing to do with the judgment of this court herein. This is the best and only statement of facts, and all the facts, had and heard on the trial of this case, and is certified to as such by this court."

[1] We are utterly unable to perceive any reason why the judge who tried the cause should append to the statement of facts tendered to him this character of statement, which at best serves as a most doubtful agency in throwing any light upon the question of whether or not he approved or disapproved the statement of facts tendered to him. Either the letter was admitted in evidence or it was not. If it was admitted, its admission was the positive and precise act of the trial judge himself; and if it was excluded, so was its exclusion a definite act of the judge. Such being the case, it was his duty, by a positive and unequivocal act, either to incorporate it in or exclude it from the statement of facts sent to this court; the respective attorneys having failed to agree on a statement of facts. However, whether the letter proffered by appellants was admitted or not admitted in evidence by the trial court, we deem of no importance in disposing of this appeal.

[2-4] We have stated with adequate fullness the grounds relied upon by appellants for injunction as set forth in their petition. While a court of equity doubtless has the power to enjoin persons within its own jurisdiction from prosecuting suits in foreign courts, as contended by appellants, yet we think it doubtful that the petition discloses any equities existing in favor of appellants upon which as a basis a court would be justified to exercise the extraordinary power of injunction. The petition concedes that the notes given by appellants were executed to the Trinity Tire & Service Company to evidence an indebtedness arising out of their wrongful acts against the company. The allegation that they were made afraid by threats of prosecution directed against them

by McFarland and Rogers for their admitted unauthorized appropriation of the corporate funds does not, in our opinion, sufficiently allege acts showing an invasion of their lawful rights, or acts depriving them of their volition in the transaction with reference to the deed of trust and their stock. They had already executed the notes to the company before their wrongs had been discovered by McFarland and Rogers, as the allegations of the petition itself disclose, and it is to be presumed that they executed the notes in recognition of liability existing against them, and with the expectation of paying them. Appellees had a right to expect payment of the notes at their respective dates of maturity, and the execution of the deed of trust was no more than an act in reinforcement of such expectation. The allegations as to the value of the stock at the time it was indorsed and delivered seems to us to be altogether speculative. No facts showing its value are alleged, and none are definitely alleged which show that an audit at any time after July 14, 1920, might have established a situation inhibiting foreclosure of the deed of trust against the Ohio land. The petition, it occurs to us, alleges no material facts which would not constitute a proper defense to a suit upon the notes, and in that suit, and in it alone, we think it is proper for such allegations to be made. When an injunction is sought against the prosecution of a lawsuit, and the facts in the petition which are made the basis of relief appear to be such that they can properly be interposed as a defense against the suit, the prosecution of which is sought to be enjoined, ordinarily the injunction will be denied, and the party seeking it will be remitted to his defense at law against the suit pending against him. Twin City Co. et al. v. Birchfield, 228 S. W. 616; Smith v. Ryan, 20 Tex. 661; Gibson v. Moore, 22 Tex. 611; McMickle v. Hardin, 25 Tex. Civ. App. 222, 61 S. W. 322; Lingwiler v. Lingwiler, 204 S. W. 785; Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565.

[5-7] Moreover, the sworn answer of the appellees contains statements of facts which in any event would preclude appellants from any right to an injunction. This sworn plea was properly considered by the trial court in connection with other parts of the record. Trial judges are clothed with much discretion in determining whether or not temporary injunctions will be granted, and, unless it clearly appears on appeal that such discretion has been abused, an appellate court will not disturb the action of the trial court.

We do not think any reversible error is indicated in the record, and accordingly the judgment of the court below will be affirmed.