## REPUBLIC INS. CO. v. HIGHLAND PARK INDEPENDENT SCHOOL DIST.
### et al.
### No. 3048.

Court of Civil Appeals of Texas. El Paso.
July 26, 1934.

Rehearing Denied Sept. 21, 1934.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

Vaughan, Purl & Lewis, R. M. Vaughan, Bell & Clark, and Bell, Goode & Howard, all of Dallas, for appellees.

PELPHREY, Chief Justice.

On February 1, 1933, Highland Park independent school district filed a suit in the Fourteenth judicial district court of Dallas county, Tex., against appellant, seeking to recover the total sum of $6,050.04, the same alleged to be taxes due by appellant to the school district for the year 1932, and 10 per cent. penalty thereon.

Citation in the above suit was issued on the 28th day of August, 1933, and executed on the following day.

Appellant, on August 26, 1933, filed its original petition in this suit and its first amended petition three days later.

The district's suit was numbered 32688-A, while appellant's suit bore the number 4070-A.

In this suit the district, its board of trustees, and its tax assessor and collector, were all made parties defendant.

Appellant alleged in its amended petition that it was an insurance corporation with its domicile within the school district; that it had duly rendered all its personal property for taxes at $420,983.94, its true and correct value, and that appellees, without authority of and in violation of law, had attempted first to increase that value to $2,020,464.03, and had finally arbitrarily fixed it at $964,994.51; that such value had resulted in increasing its taxes from $2,339.51 to $5,892.61; that the board of equalization for said district had discriminated against appellant by valuing its personal property for taxation in a greater proportion to its value than was the property of other residents of the district; that property of other residents was not assessed, or when assessed was not assessed at its value; that such discrimination resulted in a two-thirds increase of appellant's taxes; that appellant had offered evidence before the board of equalization to show that the value of its property was no more than that at which it had assessed it; that no evidence was offered to refute such evidence, but that the board arbitrarily refused to consider such evidence and fixed the value of the property at an amount double its actual value.

On September 7, 1933, at 11:25 a. m. appellees answered by a plea in abatement and plea of res judicata and on September 9, 1933, filed its amendment to said pleas.

On October 9th, at 9 o'clock a. m., appellant filed its answer and exceptions to appellees' pleas in abatement and of res judicata. At 9:30 a. m. on the same day, appellees filed their motion to strike appellant's answer to their plea in abatement, reading:

"Now comes the Highland Park Independent School District, defendant in the above styled and numbered cause and moves the Court to strike from the record of said cause the plaintiff's original answer to the defendant's plea in abatement, which said original answer was filed herein on this, the ninth day of October, 1933, at 9 o'clock A. M. which is the date and hour the defendant's plea in abatement was and is set for trial for the reason that said original answer was not filed three days before said date of said plea in abatement and was therefore filed in violation of the statutes and rules governing the filing of pleadings in causes pending in this court.

"Wherefore defendant prays that said original answer be stricken from the record of this cause."

Appellant duly answered and excepted to said motion. Upon hearing, appellees' plea in abatement was sustained, and from such order this appeal has been perfected.

Section 2 of appellant's answer reads:

"2. Comes now Republic Insurance Company, plaintiff, and specially excepts to the amended plea in abatement of the defendants, Highland Park Independent School District, C. G. Hickcox and G. S. Guthrie, and says that same is insufficient, either in law or in fact, for the following good and sufficient reasons:

"(a) There is no Cause No. 32688-A, entitled Highland Park Independent School District vs. Republic Insurance Company, on the docket of the 14th District Court of Dallas County, Texas, or on the file docket of the District Clerk of Dallas County, Texas, for the reason that the numbers on the docket of the District Clerk on the first day of February, 1933, were numbers 429-B to 445-R and the pretended suit of opponents, Highland Park Independent School District vs. Republic Insurance Company, was not on the file docket of the District Clerk of Dallas County, Texas, or on the file docket of the

424

14th District Court at and when this suit, styled Republic Insurance Company vs. Highland Park Independent School District, et al., and numbered 4070–A was filed in this Court.

"(b) Said amended plea in abatement does not set out, either in substance or by way of exhibit, or by other proper averment, sufficient facts to show that any suit such as involved herein was commenced or on file in the 14th District Court at or prior to the time of the filing of the suit in the instant case.

"(c) Such amended plea in abatement does not set out either in substance, or by way of exhibit, or by other proper averment, any facts to show that any such suit as involved herein, was pending in the 14th District Court of Dallas County at or prior to the filing of this suit, or at the time of the filing of such plea in abatement.

"And of all of these exceptions plaintiff prays judgment of the Court."

Appellant then generally denied the averments of the plea in abatement and specially alleged that if there was any suit pending in the Fourteenth district court such suit was prematurely brought because it had been instituted before demand had been made by the tax collector as provided for in article 7297, R. S.; that pretended cause No. 32688–A had not been filed with any intention of having citation issued thereon, therefore the filing thereof did not constitute the commencement of a suit, such as would defeat the jurisdiction of the court in the injunction suit; that the so-called docket where the entry of the pretended suit No. 32688–A was made was not regularly kept in the district clerk's office but in the office of the civil district attorney in the Hall of Records Building; that no such suit as alleged by appellees was ever docketed on the regular court docket or on the fee book kept by the district clerk; that at the time the alleged suit was filed, the suit numbers on the regular dockets of the district courts of Dallas county were between the Nos. 429–C and 445–F, and that by virtue of that fact said cause could not have been pending when the plea in abatement was filed; that at the time the petition in the pretended suit was filed, the preceding number on the docket for tax suits only was No. 32685–D, and if said petition had been correctly numbered it would have been placed in the 101st district court; and, that by virtue thereof, it was not a cause pending.

Appellant's first assignment complains of the trial court's action in striking out its answer to appellees' plea in abatement.

In support of its position, it argues that it was entitled to file its answer at any time before the case was called for trial and prior to an announcement by the parties.

■ As a counter proposition appellees contend that the judgment rendered was the *only one which could be properly rendered* under nature of the case and that any procedural errors were, therefore, immaterial. As a basis for this contention they assert that a pending suit for the collection of taxes instituted by the proper authority cannot be enjoined and thereby prevent such suit from being prosecuted to a conclusion upon its merits, and cite State v. Houston & T. C. R. Co. (Tex. Civ. App.) 209 S. W. 820; McMickle v. Hardin, 25 Tex. Civ. App. 222, 61 S. W. 322, 324 (writ denied).

While it is true that appellant did not pray in this suit that the prosecution of No. 32688–A be enjoined, yet a granting of the relief prayed for would have just as effectively disposed of that suit as would an injunction against its further prosecution.

This being true, then the doctrine depended upon by appellees, if it be correct, should apply here.

In the case of McMickle v. Hardin, supra, the suit was to enjoin the mayor and other taxing authorities of Texarkana from collecting taxes alleged to have been unlawfully assessed and from further prosecuting certain tax suits.

The court, in passing upon whether injunction would lie, said: "We are aware that our supreme court has held that a number of inhabitants of a municipality may join in an action to enjoin the officers thereof from the collection of an illegal tax. In those cases, however, the injunction proceedings were brought before there were any suits instituted in the courts to enforce collection. * * * The plaintiffs could have pleaded the matters here urged for relief in the suits then pending against them, and such relief as they are entitled to would be administered as practically and efficiently as in this proceeding."

What was there said is equally true here, and appellant by its pleading having admitted the existence of the suit to collect the taxes and that the taxes sought to be recovered in that suit were the same as those involved in the present suit, the court could not have properly rendered any other judg-

ment. The questions raised by appellant as to the failure to have citation issued and the confusion, if any, in the numbering of the suit by appellees, are not, in our opinion, such as call for a reversal.

The failure of the tax collector to demand payment of the taxes sued for, while it might constitute a defensive matter upon which appellant might rely in defending against the suit to collect the taxes, would not have the effect of causing the suit not to be commenced as urged by appellant.

We find no error in the admission of the civil file docket and fee book and the entries therefrom. Appellant admitted, in its answer to the motion to strike, the existence of the suit to collect the taxes; therefore, if there was any error in the admission of the book in question, it was harmless.

We have carefully examined the several propositions presented by appellant and find no reversible error.

The judgment of the trial court must, therefore, be affirmed, and it is so ordered.