COOK et al. v. TOWN OF PUTNAM et al.
(No. 60.)*

(Court of Civil Appeals of Texas. Eastland. Jan. 22, 1926. Rehearing Denied March 5, 1926.)

1. **Municipal corporations ⏓17—City held at least de facto government after resolution accepting provisions of law pending filing of copy of record with county clerk (Rev. St. 1911, arts. 762–1096.)**

Even if provision for filing with county clerk copy of record of resolution of aldermen of town, under Rev. St. 1911, art. 762, to accept provisions of articles 762–1096 as to cities and towns be mandatory, during the interim between passage of the resolution and such filing the city would at least be a de facto government, and its officials de facto officers thereof, so that their order during such time for an election for issue of bonds would not be void.

2. **Municipal corporations ⏓18.**

Legality of corporate existence of city may not be collaterally attacked in suit by taxpayers to enjoin issuing bonds and carrying out contracts.

3. **Municipal corporations ⏓1000(4)—Parties to contract must be joined in suit by taxpayers to enjoin city from carrying out contract.**

To suit by taxpayers to enjoin city from carrying out contract, the other parties to the contract are necessary parties, so that, they not being joined, validity of the contract may not be determined.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Suit by L. J. Cook and others against the Town of Putnam and others. From an adverse judgment, plaintiffs appeal. Affirmed.

Otis Bowyer, of Baird, and Burkett, Orr & McCarty, of Eastland, for appellants.

Ben L. Russell, of Baird, and Cox & Hayden, of Abilene, for appellees.

RIDGELL, J. This suit was brought by appellants, L. J. Cook and W. M. Whitlock, for themselves as owners and operators of a water system in the town of Putnam, Tex., and for and in behalf of other resident taxpayers of said town similarly situated, against the mayor and aldermen of the town of Putnam. The appellants filed their petition praying for an injunction forbidding said officials from carrying out certain contracts theretofore made, and from issuing and selling waterworks bonds voted at a bond election on January 9, 1925. The appellants complain of the officials of said city entering into contract with the Municipal Engineering Company of Dallas on July 2, 1924, in which said company was engaged to perform certain services in connection with the installation of a waterworks system in said city, and preparing and selling of bonds with which to pay for same. The appellants alleged that the town of Putnam was incorporated under the general laws on April 25, 1922, and that said town was, at the time of entering into said contracts and the passing of orders and resolutions, only a town or village, and was without power to enter into any of said contracts or to call an election for voting bonds.

Petition complains of a certain contract entered into by the city of Putnam with W. M. Isenhower and wife on December 8, 1924, whereby the city agreed to pay $50 per month for water for a term of five years and furnish said Isenhower water at his residence during life of contract, free of cost. The petition further complains of a contract made by the city of Putnam on the 11th day of December, 1924, with the Texas & Pacific Railway Company, whereby the town of Putnam was obligated for a term of five years to maintain and keep in repair a certain water reservoir, and to furnish said railway company as much water as it might require through a two-inch line to any point required by said railway company. Petition further complains of the action of the city officials in attempting to call a bond election by an order passed December 31, 1924, the appellants alleging that on said date, and after passing said order, the said officials passed a resolution attempting to change the status of the town of Putnam from a town or village to a city and town under the provision of title 22 of the Statutes of the State of Texas, and that said resolution was not filed for record with the county clerk of Callahan county until January 3, 1925, and that until that was done the same could not become effective, and for that reason the said order calling said election was prematurely made, and was without authority of law. The district court granted a temporary injunction, and the cause was tried on its merits; the defendants answering by general demurrer, special exceptions, and general denial. Upon trial, judgment was entered dissolving the temporary writ of injunction and decreeing that appellants take nothing by their suit.

⏓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 20, 1926.

The appellants perfected an appeal, and the matter is before this court for review.

By propositions appellant insists that the act of the city council accepting the provision of title 22 of the Statutes of the state of Texas, in accordance with article 762 of the Revised Statutes, would not be effective until a copy of the journal of the proceedings of the city council was filed with the clerk of the county court in the county in which such town or village is located.

The facts show that on December 31, 1924, the town of Putnam was a town or village, and that on that date, at a meeting of the aldermen of the town of Putnam, a resolution was passed accepting the provisions of the law relating to cities and towns, and that said resolution was, on January 3, 1925, filed for record with the county clerk of Callahan county.

[1, 2] We do not think that the fact that the resolution was not of record at the time the bond order was made would of itself invalidate the bonds, even if conceded that the filing of the record with the county clerk is mandatory. Still we believe that the city in the interim, at least, would be a de facto government, and the officials de facto officers of the government, and its contracts would not be void. Dillon, Municipal Corporations, 418; People v. La Rue, 8 P. 84, 67 Cal. 526. Anyhow, it is well settled that the legality of the corporate existence of the city of Putnam cannot be collaterally attacked in this suit by taxpayers. This is a collateral attack, and appellants are not in a position in law to relief prayed. Authorities: Roaring Springs Townsite Co. v. Paducah Telephone Co. (Tex. Civ. App.) 164 S. W. 50; State v. Peterson (Tex. Civ. App.) 29 S. W. 415; City of Carthage v. Burton, 111 S. W. 440, 51 Tex. Civ. App. 195; McMickle v. Hardin, Mayor, et al., 61 S. W. 322, 25 Tex. Civ. App. 222.

[3] By appellants' third proposition it is insisted the minutes of the city council is the best evidence of what transpired at such meeting, and that it was error to admit evidence contradicting such minutes and showing an amendment attempted to be made thereto, after suit had been filed to annul action taken by the council at such meeting. The trial court, in conclusion of fact, found that, after accepting the provisions of title 22 of the Revised Civil Statutes of the state of Texas, the city of Putnam began to operate as a city, and immediately passed a resolution ordering an election for a bond issue for the purpose of installing a system of waterworks; said bond issue being in the sum of $36,000. Under the findings of fact, which are sustained by the testimony, there is nothing illegal in the proceedings and these appellants are not in the position under the law to insist upon the relief sought, and the assignments will be overruled. The appellant, by appropriate propositions, complains of a contract entered into between the city of Putnam and Isenhower and wife, and to a certain contract entered into by and between the said city and Texas & Pacific Railway Company, and it is claimed that said contract is null and void and ultra vires.

It is not necessary for the disposition of this case for us to comment or pass upon the contract in question. It does not appear that the railway company of Isenhower and wife were made parties to this suit; certainly no court would set aside a contract between parties unless all the parties were before the court. In the case of Bonner et al. v. City of Texarkana et al. (Tex. Civ. App.) 227 S. W. 505, it is held as follows:

"Contractors with a city are indispensable parties to a suit by taxpayers to enjoin the city making payment to the contractors, on the ground of invalidity of the contract."

In the case of Basham v. Holcombe, Mayor, et al. (Tex. Civ. App.) 240 S. W. 691, says:

"In a suit to restrain the officers of a city from entering into a contract on behalf of the city for the construction of public improvements, the city and the contractor are necessary parties, since their interests are directly and vitally affected."

It follows then that, the railway company and Isenhower and wife not being made parties to the suit, no judgment could be rendered anywise binding or affecting the contracts. While the question is not raised, still we understand that the failure to make necessary parties is fundamental error and must be considered by this court, if discovered by it, and that this court should render no judgment or decree where it is apparent that all parties are not before it.

It is, therefore, the conclusion of this court that the city of Putnam, as found by the trial court, was legally created, and that appellants are not entitled to any injunctive relief against the issuance and the sale of the bonds voted by said city, and that, all the parties to the contract not being before the court, any complaint as to the validity could not legally be inquired into, and that, therefore, the judgment of the trial court should be affirmed.