Jerry W. HAMILTON

v.

The CITY OF WAKE VILLAGE, A Texas Municipal Corporation, Edward H. Leach, Jr., Mayor of the City of Wake Village,

**and**

Paul Braswell, Michael Huddleston, Harry Patterson, Errol Owen and David Ray, Alderman of the City of Wake Village

**and**

The State of Texas.

Civ. A. No. TX–82–100–CA.

United States District Court, E.D. Texas, Texarkana Division.

Sept. 27, 1984.

Damon Young, Young, Patton & Folson, Texarkana, Ark., for plaintiff.

Winford Dunn, Smith, Stroud, McClerkin, Dunn & Nutter, Texarkana, Ark., for defendant.

Jim Mattox, Atty. Gen. of Tex., William O. Goodman, Asst. Atty. Gen., Austin, Tex., for intervenor.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

Plaintiff, Jerry W. Hamilton, has sued the City of Wake Village, Texas, its mayor and its alderman under 42 U.S.C. § 1983, alleging that he was illegally discharged as police chief of Wake Village. As an essential part of his suit, Hamilton seeks a declaratory judgment that Tex.Rev.Civ.Stat. Ann. Art. 1006 is unconstitutional in that it violates the First, Fifth, and Fourteenth Amendments to the United States Constitution. In addition, Hamilton seeks reinstatement in his former position, back pay, and damages.

The City of Wake Village has filed a motion to dismiss. Since a State statute's constitutionality has been questioned, the State of Texas has intervened and also filed a motion to dismiss. Since this Court finds that Art. 1006 is facially constitutional, Hamilton's request for declaratory judgment will be denied and the defendants' motion to dismiss will be granted.

## I. FACTS

The incident made the basis of this suit occurred on a hot summer afternoon in a small town in East Texas. Jerry Hamilton had served as chief of police of Wake Village for over thirteen years. Apparently, however, not everyone was pleased with his performance. On July 15, 1982, at about noon, Hamilton received a letter from Wake Village mayor Edward Leach, informing Hamilton that an emergency meeting of the Wake Village City Council would be held that afternoon for the purpose of considering a resolution to terminate Hamilton. Hamilton requested a delay of this meeting, but his request was denied. Two hours after the notice, the meeting began, and Hamilton and his attor-

ney were in attendance. At the meeting, the council adopted by a 4–1 vote a resolution removing Hamilton as police chief. The resolution specifically stated that Hamilton was being removed on the basis of the Council's want of confidence in him. It was clearly based on Art. 1006. Hamilton's attorney protested this resolution, and asked that the Council inform Hamilton of any charges against him. The mayor replied that there were no charges, and declined to give any reasons for the termination.

Later, Hamilton's attorney asked for a reconsideration of the Council's action and a "meaningful hearing" on Hamilton's firing. No answer was forthcoming from the city, and thus Hamilton filed this civil rights lawsuit.

## II. THE ISSUES PRESENTED

To recover under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the United States Constitution. *Judson Bldg. v. First Nat. Bank of Longview*, 587 F.Supp. 852, 854 (E.D.Texas 1984). The thrust of Hamilton's complaint is a challenge to the facial constitutionality of Art. 1006. The Article provides as follows:

> The city council shall have the power to remove any officer for incompetency, corruption, misconduct or malfeasance in office, after due notice and an opportunity to be heard in his defense. The city council shall also have power at any time to remove any officer of the corporation elected by them, by resolution declaratory of its want of confidence in said officer; provided, that two-thirds of the aldermen elected vote in favor of said resolution.

Hamilton's complaint also alleges a misuse of Art. 1006 in that the Article provides for due notice and a hearing, which were denied him. The court notes, however, that as explained later in the opinion, Hamilton was not in the category of employees entitled to notice and hearing under Art. 1006.

Hamilton has attacked the statute on several constitutional grounds. First,

Hamilton claims the overly broad discretion given the city to fire someone for a "want of confidence" without a meaningful hearing meant that he was deprived of procedural due process. Second, Hamilton claims the statute discriminates between elected and non-elected officials in mode of termination, and that this results in a denial of equal protection to non-elected officials such as Hamilton. Finally, Hamilton claims the statute violated his freedom of speech and association. For the reasons stated below, the Court finds none of Hamilton's arguments persuasive.

## III. DISCUSSION

### A. PROCEDURAL DUE PROCESS

No matter how unfair or unjust the Wake Village City Council's action was, there can be no violation of Hamilton's due process rights unless there is the presence of a legitimate "property" or "liberty" interest under the Fifth or Fourteenth Amendment. *See Arnett v. Kennedy*, 416 U.S. 134, 165, 94 S.Ct. 1633, 1649, 40 L.Ed.2d 15 (1974).

In *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972), the Supreme Court recognized that government employment could be regarded as a property interest cognizable under the Constitution. The Court, however, has imposed significant limitations on when a property interest in employment arises. To have such an interest, the plaintiff must show more than a mere expectation; he must show a mature entitlement to the job. *Roth* 408 U.S. 564 at 577, 92 S.Ct. at 2709. Furthermore, the property interest must be determined by reference to state law. *Wells v. Hico Ind. Sch. Dist.*, 736 F.2d 243, 252 (5th Cir.1984).

Under Texas law—the law provided by Art. 1006, non-elected city officials can be removed by two methods. If an officer is charged with incompetency, misconduct, corruption or malfeasance, he may be removed after due notice and an opportunity to be heard in his defense. *See e.g. Bell v.*

*Gayle,* 384 F.Supp. 1022 (N.D.Tex.1974). Otherwise—and this is clear—a city officer can be discharged at any time for "a want of confidence" by a two-thirds vote of a city council. It is plain that these city employees are "at will" employees, subject to dismissal at any time. In *City of Electra v. Taylor,* 297 S.W. 496 (Tex.Civ.App. 1927), a Texas court held that a provision in a city charter almost identical to Art. 1006 meant that a council "may by a resolution declaratory of its want of confidence in an employee or an officer remove him without charges filed and a trial thereof." *Id.* at 499. *See also White v. Thomas,* 660 F.2d 680 (5th Cir.1981). Since Hamilton was an at will employee, he could not have a "property" interest in his job.

Hamilton has also claimed that the council's summary action and the denial of his request for a name-clearing hearing has imposed a stigma upon him which has foreclosed his opportunity to find other employment. This, Hamilton says, deprives him of a liberty interest under the Fourteenth Amendment.

■ For a discharged public employee to prove a liberty interest cognizable under the constitution, the employee must show that he was stigmatized in that a false and defamatory impression was created about him as a result of the discharge process. He must also show that charges against him were made public, and that he was denied a meaningful name-clearing hearing. *Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977). *Wells v. Doland,* 711 F.2d 670, 676 (5th Cir.1983).

■ Hamilton cannot prove a liberty interest here because he cannot prove that there was any "false impression" created about him. Since Hamilton was discharged for a "want of confidence" no charges were made and no reasons were given. There was thus no need for a hearing to clear his name. This does not mean that Hamilton's reputation has not been damaged; but it does mean it has not been damaged in a recognizable way. The Supreme Court has recognized that the discharge of a public employee might make

him less attractive to other employers, but that it would stretch the concept of liberty too far to suggest that a person is deprived of liberty when he is not rehired in one job but remains as free as before to seek another." *Roth, supra,* 408 U.S. at 575, 92 S.Ct. at 2708. This was specifically stated to be true concerning "the discharge of a public employee whose position is terminable at the will of the employer when there is no public disclosure of the reasons for the discharge." *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). There was no disclosure of the reasons for Hamilton's termination; and therefore there was no liberty interest.

## B. EQUAL PROTECTION

Hamilton has attacked yet another facet of Art. 1006. City officials elected by the voters (rather than appointed, as Hamilton was) can only be removed for cause and after notice and hearing—in other words, only by use of the first prong of Art. 1006. *See Riggins v. Richards,* 97 Tex. 229, 77 S.W. 946 (1904). Hamilton claims the fact that this extra protection is provided elected officials and not appointed ones such as himself deprives him of equal protection of the laws.

An equal protection challenge to a statute will be analyzed under a rational basis test, unless a fundamental right is involved or a suspect class is disadvantaged. *San Antonio School District v. Rodriquez,* 411 U.S. 1, 16–17, 93 S.Ct. 1278, 1287–1288, 36 L.Ed.2d 16 (1973). Government employment is not a fundamental right. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 313, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976). Nor does Hamilton fit any of the criteria for being a member of a suspect class. *See Rodriquez, supra,* 411 U.S. at 28, 93 S.Ct. at 1294.

■ Thus, in order to be valid, Art. 1006 need only have a rational basis. This requires only that a statute rationally further a legitimate state purpose. *Murgia, supra,* 427 U.S. at 314, 96 S.Ct. at 2567. Clearly, Art. 1006 does. Elected officials,

put into office by the voters for a definite term, and removable by the voters at the next election, do have a vested right to their employment. Appointed officials, on the other hand, do not face the voters, and it could be assumed that Texas intended Art. 1006 to be a check upon them.

 Hamilton might also claim that the equal protection clause is violated because at-will employees fired for cause are accorded notice and hearing while employees terminated for lack of confidence are not. Employees discharged for cause—such as corruption or misconduct—could conceivably be subject to the stigma discussed above. Employees fired for "want of confidence", however, are not charged with anything, and could be removed simply on the basis of a policy or personnel decision. The statute may not be perfect, but that is not required; especially when it is understood that a state has the right to structure its own internal functions without federal interference. Art. 1006 can be said to have a legitimate state purpose, and it does not violate the equal protection clause.

## C. THE FIRST AMENDMENT CLAIM

Hamilton's complaint states that Art. 1006 is void for vagueness and overbreadth in violation of the First Amendment in that the phrase "want of confidence" is so vague that "men of common intelligence must guess at its meaning and differ as to its application."

The First Amendment protects against infringements on the freedom of speech and association. Nowhere in Plaintiff's complaint, unamended after two years, does it state how these rights were infringed. Hamilton's responses to the motions to dismiss do not touch the issue. Hamilton does not seem to claim that the vagueness of the statute impinges upon his freedom of movement, nor could he. *See Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). Nor does Hamilton claim that he was fired in retaliation for his exercise of his freedom of speech. *See Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

In this context, where Hamilton has not articulated a First Amendment challenge nor does it seem that he could, this court has no difficulty in upholding Art. 1006 on First Amendment grounds.

## IV. CONCLUSION

Hamilton's discharge may have been done in a summary manner. Yet the city council followed Art. 1006, and that statute does not violate the United States Constitution. In sum, "The federal court is not the appropriate forum in which to review the multitude of employment decisions that are made daily by public agencies." *Bishop v. Wood, supra,* 426 U.S. at 349, 96 S.Ct. at 2080. Since Hamilton's discharge did not violate the constitution, he has no cause of action under 42 U.S.C. § 1983. It is therefore

ORDERED, ADJUDGED AND DECREED that the Plaintiff's application for declaratory judgment is DENIED and that Plaintiff's cause of action be and is hereby dismissed pursuant to Fed.Rule Civ.P. 12(c).