CV4-444 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00444-CV







Ronald G. Murphy, Appellant



v.



City of Rogers, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 137,980-C, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







PER CURIAM



 Ronald G. Murphy appeals an adverse summary judgment that upheld his
termination as a police officer serving in the City of Rogers (the City). We will affirm the trial
court's judgment.



BACKGROUND


 Appellant worked as a police officer for the City from September 1988 until
January 6, 1992, when the City fired him. On March 2, 1992, the City rehired and immediately
fired him again. Appellant sued, alleging state and federal claims. The City removed the cause
to federal district court, which granted the City's motion to dismiss for failure to state a claim. 
On appeal, the Fifth Circuit found in appellant's favor, reversed the judgment and remanded his
cause to the federal district court. That court granted the City's motion for summary judgment
on appellant's federal claims and remanded his state-law claims to state district court. On July
5, 1994, the state district court granted the City's motion for summary judgment and denied
appellant's motion for summary judgment.

 Appellant brings two points of error: the trial court erred in denying his motion
for summary judgment because he proved he was entitled to summary judgment as a matter of law
and the trial court erred in granting the City's motion for summary judgment. We will discuss
both points of error together. Appellant makes three arguments: (1) the City's notice of the
meeting was inadequate under the Texas Open Meetings Act; (2) the City improperly met in a
closed executive session after he requested an open meeting; and (3) the City's resolution to fire
him was ineffective.



Standard of Review

 On review of a summary judgment, the movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and he is entitled to summary
judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). The dispositive issue is not whether the summary judgment proof raises fact issues,
but whether the summary judgment proof establishes as a matter of law that no genuine issue of
material fact exists. See Gibbs v. General Motors Corp. 450 S.W.2d 827, 828 (Tex. 1970).

 Because the record establishes as a matter of law that the City properly terminated
appellant because the record shows a notice of the meeting in compliance with the Open Meetings
Act, proper adjournment into executive session, and a resolution terminating appellant, the
discussion of appellant's points of error will be presented primarily in terms of his failure to
overcome the City's summary judgment case.



 OPEN MEETINGS ACT


 Appellant claims that the City violated the Texas Open Meetings Act, Tex. Gov't
Code Ann. §§ 551.001-.146 (West 1994) (the "Act"), in its meeting held March 2, 1992. (1)
 
Appellant has two complaints: the notice of the meeting was defective under section 551.041 and
the City improperly adjourned to a closed session when he had requested an open meeting under
section 551.074.



Notice of the Meeting

 The notice for the March 2 meeting read:



4. Ron Murphy

 Wants to know why he was dismissed.


5. Consider employment status of Ron Murphy.



Appellant contends the notice was inadequate to allow the City to fire him. We disagree.

 The purpose behind the Act's notice requirement is to assure that the public has the
opportunity to be informed about governmental decisions involving public business. City of San
Antonio v. Fourth Court of Appeals, 820 S.W.2d 762, 765 (Tex. 1991); Rettberg v. Texas Dep't
of Health, 873 S.W.2d 408, 410 (Tex. App.--Austin 1994, no writ). Members of the interested
public are the intended beneficiaries of the notice requirement, not an individual citizen who might
be affected by the discussion or action at the meeting. City of San Antonio, 820 S.W.2d at 765;
Rettberg, 873 S.W.2d at 411. Notice is adequate under the Act when it alerts a reader that some
action will be taken relative to a topic. Lower Colorado River Auth. v. City of San Marcos, 523
S.W.2d 641, 646 (Tex. 1975); see also Creedmoor Maha Water Supply Corp. v. Barton Springs-Edwards Aquifer Conservation Dist., 784 S.W.2d 79, 86 (Tex. App.--Austin 1989, writ denied). 
The notice must alert the reader to the topic of discussion; however, the notice need not state all
of the possible consequences that might result from consideration of the topic. Texas Turnpike
Auth. v. City of Fort Worth, 54 S.W.2d 675, 676 (Tex. 1977). 

 Appellant's principal argument is that the word "consider" did not allow the City
to act, relying on River Road Neighborhood Ass'n v. South Texas Sports, 720 S.W.2d 551 (Tex.
App.--San Antonio 1986, writ dism'd), in which the court held a notice of a meeting defective. 
That case, however, is distinguishable for more reasons than that the notice at issue used the word
"discuss" rather than "consider." In South Texas Sports, a series of meetings had been held on
the same topic. The notices for each meeting called for "discussion/action." Id. at 557. Only
the notice in question used the word "discussion" alone. Id. The court noted that there was a
clear understanding among the parties involved that "discussion" and "discussion/action" meant
two different things. Id. Nothing in this record suggests a similar fact situation.

 In this cause, the phrase "consider employment status" came immediately after an
item stating that appellant wanted to know why he was fired. This notice is adequate to disclose
the subject matter of the meeting. It does not specify the consequences of the subject matter, i.e.,
the consequence of considering appellant's employment status might have been reinstatement. See
Texas Turnpike Auth., 554 S.W.2d 674, 676 (notice saying that Authority would consider request
to determine feasibility of study was adequate to authorize study to occur).

 Further, appellant fails to show the kind of special public interest in his job that has
sometimes required greater specificity in a notice. See Cox Enters., Inc. v. Board of Trustees of
Austin Indep. Sch. Dist., 706 S.W.2d 956, 959; Point Isabel Indep. Sch. Dist. v. Hinojosa, 797
S.W.2d 176, 182 (Tex. App.--Corpus Christi 1990, writ denied). His only attempt at
demonstrating any public interest in his job came when he asked the mayor in a deposition
question if his job was of public interest. The mayor answered that he did not know. 



Closed Session 

 Appellant also complains that the council could not adjourn to a closed session to
consider his employment because he had requested an open meeting. A person can request an
open meeting to consider personnel action involving that person. City of Dallas v. Parker, 737
S.W.2d 845, 848 (Tex. App.--Dallas 1987, no writ). This record, however, does not reveal such
a request. As evidence, appellant directs us to (1) an agenda for the meeting that lists the items
to be considered and states that the council might go into closed session; and (2) his deposition
in which he was asked if he had attempted to attend the closed session and answered that he had
not. Neither of these items is a request for an open meeting, and our review of the record does
not disclose one.

 Further, even after properly requesting an open meeting, a party may waive the
request by failing to object when the executive session occurs. Bowen v. Calallen Indep. Sch.
Dist., 603 S.W.2d 229, 236 (Tex. App.--Corpus Christi 1980, writ ref'd n.r.e.). The only
evidence in the record concerning this point shows that appellant did not ask to participate in the
closed session. Nothing in the record shows that he objected at the time to the closed session.



The City's Resolution


 Appellant argues that the City's resolution was inadequate to terminate him. 
Section 22.077 (2) of the Texas Local Government Code provides two methods to remove a
"municipal officer":



(a) The governing body of the municipality may remove a municipal officer
for incompetency, corruption, misconduct, or malfeasance in office after
providing the officer with due notice and an opportunity to be heard.


(b) If the governing body lacks confidence in a municipal officer elected by
the governing body, the governing body may remove the officer at any
time. The removal is effective only if two-thirds of the elected aldermen
vote in favor of a resolution declaring the lack of confidence.



Tex. Loc. Gov't Code Ann. § 22.077 (West 1988). These two methods are alternatives, i.e., an
employee removed in accordance with the second subsection is not entitled to the hearing and
notice set out in the first subsection. Hamilton v. City of Wake Village, 593 F. Supp. 1294, 1296-97 (E.D. Tex. 1984). (3) Appellant does not contend he was fired under subsection (a), and so
deprived of proper notice and hearing. He does not complain of any improprieties in the voting
process, which resulted in a unanimous vote to fire him. His complaint is that the resolution was
ineffective because: (1) it did not contain the phrase "lack of confidence" and (2) it was not filed
in the City Secretary's office. In essence, appellant argues that the resolution is void, because he
claims it was ineffective to accomplish its purpose of firing him. He cites no authority for the
proposition that the resolution is void because the City did not track the language in section
22.077(b).

 The City's resolution to fire appellant read: "A motion was then made by Richard
seconded by Ernest to terminate Ron from the Rogers Police Dept. with due pay. Motion
carried." A municipal resolution is less formal than a municipal ordinance and usually relates
to temporary or administrative matters. Norman J. Singer, 1A Sutherland Statutory Construction
§ 30.03, at 516 (5th ed. 1993). A resolution does not have to use exact words; it simply must
express the opinion or will of the council. City of Clute v. City of Lake Jackson, 559 S.W.2d 391,
397 (Tex. Civ. App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.); El Paso Gas, Elec. Light &
Power Co. v. City of El Paso, 54 S.W. 798, 799 (Tex. Civ. App. 1899, writ ref'd). The term
"resolution" usually is employed to denote the adoption of a motion. Id. This resolution adopts
a motion and expresses the will of the council to terminate appellant.

 Appellant also contends that the resolution was ineffective because the City failed
to comply with the statute requiring a resolution adopted by the council to be placed in the City
Secretary's office. Tex. Loc. Gov't Code Ann. § 52.003(a) (West 1988). Again, by claiming
that this failure is enough to overturn his firing, appellant argues for strict compliance. He
supplies no authority for this proposition. In fact, two cases dealing with an analogous filing
requirement for municipal ordinances suggest the contrary: a violation of the filing requirement,
without more, is not enough to invalidate an ordinance. Logically, a resolution, being less formal
than an ordinance, should not require a higher standard for compliance. 

 In Cook v. Town of Putnam, 283 S.W. 649, 650 (Tex. Civ. App.--Eastland 1926,
writ dism'd w.o.j.) the court held that a municipality had achieved de facto type-A status when
the only violation of the statute allowing it to attain such status was the failure to file the ordinance
with the county clerk. In City of Northlake v. East Justin Joint Venture, 873 S.W.2d 413 (Tex.
App.--Fort Worth 1994, writ denied), the city of Northlake, a type-B municipality, attempted to
become a type-A municipality. The attempted conversion ordinance suffered from several
irregularities, including the failure to file it with the county clerk. Id. at 417. Northlake argued
that it had achieved de facto type-A status under a line of authority holding that "colorable
compliance" with the statute combined with the passage of time ratifies the attempted change to
type-A status. Id. at 418. The court refused to find type-A status, noting the numerous violations
in addition to the failure to file the record; it distinguished Northlake's cause from Cook and
implied that the failure to file the ordinance with the county clerk alone might not have been
enough to prevent de facto type A status. Id.

 If the failure to file an ordinance dealing with as significant a matter as a conversion
in the form of governance of a city is not enough alone to invalidate such an ordinance, then a
similar failure with regard to a resolution dealing with an administrative matter should not have
that effect. Both of appellant's complaints concerning the resolution simply alleges a technical
violation of a statute on the part of the City. He neither supplies authority for the proposition that
strict compliance is necessary, nor demonstrates harm to himself or any other interest from the
violations, if any. We find neither complaint adequate to void the resolution and overturn the
City's action in firing him.

 We overrule points of error one and two and affirm the trial court's judgment.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: July 12, 1995

Do Not Publish
1. [1] The City apparently does not dispute that it violated the Act at the January meeting at which
the City first fired Murphy. The City's act in awarding back pay to cover the time period between
the January and March meetings appears to be an attempt to comply with this Court's opinion in
Ferris v. Texas Bd. of Chiropractic Examiners, 808 S.W.2d 514, 518-19 (Tex. App.--Austin 1991,
writ denied)(employee who was initially terminated in violation of the Act entitled to back pay for
period between illegal and legal termination).

2. [2] In the posture in which this appeal is presented, both sides agree that Section 22.077
controls.
3. [3] This case construed the same language in the predecessor statute. Act of May 1, 1987, 70th
Leg., R.S., ch. 149, § 1, sec. 22.077, 1987 Tex. Gen. Law 707, 731 (Tex. Rev. Civ. Stat. Ann.
art 1006, repealed and codified at Tex. Loc. Gov't Code Ann. § 22.077).