

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

February 2, 2016

The Honorable Logan Pickett
Liberty County District Attorney
1923 Sam Houston, Suite 112
Liberty, Texas 77575

Opinion No. KP-0061

Re:   Majority vote requirement to remove a municipal officer under section 22.077 of the Local Government Code and related questions (RQ-0043-KP)

Dear Mr. Pickett:

On behalf of the City of Hardin, you ask questions concerning emergency meetings and the voting requirements to remove a municipal officer under Local Government Code section 22.077.[1] That section, which applies to Type A general-law municipalities, provides:

> (a) The governing body of the municipality may remove a municipal officer for incompetency, corruption, misconduct, or malfeasance in office after providing the officer with due notice and an opportunity to be heard.

> (b) If the governing body lacks confidence in a municipal officer appointed by the governing body, the governing body may remove the officer at any time. The removal is effective only if two-thirds of the elected aldermen vote in favor of a resolution declaring the lack of confidence.

TEX. LOC. GOV'T CODE § 22.077; see id. § 22.001 (applying chapter 22 "only to a Type A general-law municipality"). Your first two questions ask about the vote that is required to remove a municipal officer under subsections (a) and (b) respectively. Request Letter at 1. Briefing submitted to this office questions whether section 22.077 provides two separate procedures for

---

[1]See Letter from Honorable Logan Pickett, Liberty Cty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 31, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

removing a municipal officer or, instead, whether the two-thirds vote in subsection (b) is an additional requirement for removal under subsection (a).[2]

Section 22.077 was originally adopted in 1987 as a "nonsubstantive revision" to its predecessor statute, article 1006 of the Revised Civil Statutes.[3] *See* TEX. GOV'T CODE § 311.023(4) (stating that courts may consider former statutory provisions in construing a statute). Prior to the nonsubstantive revision, article 1006 stated:

> The city council shall have power to remove any officer for incompetency, corruption, misconduct or malfeasance in office, after due notice and an opportunity to be heard in his defense. The city council shall also have power at any time to remove any officer of the corporation elected by them, by resolution declaratory of its want of confidence in said officer; provided, that two-thirds of the aldermen elected vote in favor of said resolution.[4]

A court construing article 1006 explained that the provision created "two methods" for removal:

> If an officer is charged with incompetency, misconduct, corruption or malfeasance, he may be removed after due notice and an opportunity to be heard in his defense. Otherwise—and this is clear—a city officer can be discharged at any time for "a want of confidence" by a two-thirds vote of a city council.

*Hamilton v. City of Wake Village*, 593 F. Supp. 1294, 1296–97 (E.D. Tex. 1984).

The plain language of section 22.077 continues to support this construction, and the Legislature's decision to divide this provision into separate subsections upon recodification reinforces construction of the statute as providing two alternative procedures, depending on the underlying reasons for the municipal officer's removal. Under subsection (a), a governing body may remove a municipal officer for four specific reasons: "incompetency, corruption, misconduct, or malfeasance in office." TEX. LOC. GOV'T CODE § 22.077(a). While removal under this

---

[2]*See* Brief from Honorable Stephanie Blume, Mayor, City of Hardin at 1 (Aug. 19, 2015); Brief from Mr. Timothy Kirwin, Hardin City Att'y at 2 (Sept. 9, 2015) ("Kirwin Brief") (briefs on file with the Op. Comm.).

[3]Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49, 1987 Tex. Gen. Laws 707, 731, 1306 (amended 2001) (current version at TEX. LOC. GOV'T CODE § 22.077).

[4]Act approved Mar. 15, 1875, 14th Leg., 2d C.S., ch. C, § 145, 1875 Tex. Gen. Laws 113, 153, *reprinted in* 8 H.P.N. Gammel, *The Laws of Texas 1822-1897* at 485, 525 (amended 1901), *repealed by* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex. Gen. Laws 707, 1306.

subsection requires notice and a hearing, the subsection does not provide for the number of votes required in order to remove an officer for these reasons. *See id.*

Unless a statute specifically provides otherwise, a governing body must conduct its business on the basis of a majority of a quorum of members. *Comm'rs Ct. of Limestone Cty. v. Garrett*, 236 S.W. 970, 973 (Tex. Comm'n App. 1922, judgm't adopted); Tex. Att'y Gen. Op. No. GA-0554 (2007) at 2. A quorum of a Type A general-law municipality is generally a "majority of the number of alderman established by Section 22.031" of the Local Government Code. TEX. LOC. GOV'T CODE § 22.039; *see also* TEX. GOV'T CODE § 311.013(b) (establishing that generally a "quorum of a public body is a majority of the number of members fixed by statute").[5] Thus, if a quorum of aldermen is present at a regular meeting, subsection 22.077(a) authorizes a majority of those present and voting to remove a municipal officer for the stated reasons. Removal under subsection 22.077(b), on the other hand, expressly requires "two-thirds of the elected aldermen" to vote in favor of a resolution declaring the lack of confidence. TEX. LOC. GOV'T CODE § 22.077(b); *Johnson v. City of Dublin*, 46 S.W.3d 401, 409 (Tex. App.—Eastland 2001, pet. denied). Thus, regardless of the number of aldermen present, two-thirds, or at least four of the five aldermen, must vote for removal due to a lack of confidence under subsection 22.077(b).

You also ask whether an emergency meeting is a "called" meeting. Request Letter at 1. The phrase "called meeting" is not defined within chapter 22 of the Local Government Code. In other contexts, however, the Legislature has distinguished between "regular" and "called" meetings. *See, e.g.*, TEX. GOV'T CODE § 551.002 (providing that every "regular, special, or called meeting of a governmental body shall be open to the public," except as provided by chapter 551); TEX. LOC. GOV'T CODE § 152.015(b) (authorizing the selection of certain members of a county grievance committee at a "regular or called commissioners court meeting"); *see also Webster v. Tex. & Pac. Motor Transp. Co.*, 166 S.W.2d 75, 77 (Tex. 1942) (discussing common-law rule that a board must "act as a body at a regular meeting or at a called meeting"). One commentator has explained that regular meetings are usually "prescribed by charter" or "provided for by ordinance, resolution, or motion under legal authority," whereas called meetings are "convened by the mayor . . . or in some other definite way." 4 EUGENE MCQUILLIN, LAW OF MUNICIPAL CORPORATIONS § 13:17, 1152–53 (3d ed. 2004).

Subsection 22.038(a) of the Local Government Code requires the governing body of a Type A general-law municipality to adopt a resolution establishing the time and place the governing body will meet. TEX. LOC. GOV'T CODE § 22.038(a). Subsection (b) stipulates that "[t]he mayor may call a special meeting on the mayor's own motion and shall call a special meeting on the application of three aldermen." *Id.* § 22.038(b). Section 22.039 establishes quorum requirements for Type A general-law municipalities, providing:

---

[5]Briefing submitted to this office states that the City of Hardin has a mayor and five aldermen. *See* Kirwin Brief at 2; *see also* TEX. LOC. GOV'T CODE § 22.031(b) (providing that "[i]f the municipality is not divided into wards, the governing body consists of a mayor and five aldermen"). Thus, generally, three aldermen would constitute a quorum of the governing body of the City of Hardin. *See* TEX. LOC. GOV'T CODE § 22.037(a) (providing that except in elections, the mayor "may vote only if there is a tie").

> A majority of the number of aldermen established by Section 22.031 for the municipality constitutes a quorum. However, at a *called meeting* or at a meeting to consider the imposition of taxes, two-thirds of the number of aldermen established by that section constitutes a quorum unless provided otherwise.

*Id.* § 22.039 (emphasis added).

Reading section 22.039 in the context of chapter 22 suggests that the Legislature intended to distinguish between a regular meeting, held pursuant to a resolution adopted under subsection 22.038(a), and special meeting, called by the mayor pursuant to subsection 22.038(b). Thus, for purposes of section 22.039, a "called meeting" of a Type A general-law municipality is a meeting called and held at a time or place other than the regular meeting time and place. Unless a Type A general-law municipality's emergency meeting is held at the regular meeting time and place established by resolution, the emergency meeting is a called meeting under section 22.039.[6]

Finally, you ask "[w]hat constitutes a quorum at an emergency meeting." Request Letter at 1. Generally, a quorum of a public body "is a majority of the number of members fixed by statute." TEX. GOV'T CODE § 311.013(b). As already discussed, however, section 22.039 provides that for purposes of a called meeting of a Type A general-law municipality, "two-thirds of the number of aldermen" established by section 22.031 constitutes a quorum unless provided otherwise. TEX. LOC. GOV'T CODE § 22.039. Thus, two-thirds of a municipality's aldermen constitute a quorum for a called emergency meeting of a Type A general-law municipality.[7]

---

[6]It is possible that an emergency item could be supplemented to the agenda of a regular meeting, in which case the discussion of the emergency would not be conducted at a called meeting but instead at a regular meeting. *See* TEX. GOV'T CODE § 551.045(a) (describing notice requirements for emergency meetings).

[7]You do not ask, and we do not address, whether the circumstances surrounding your question provided sufficient justification to convene an emergency meeting. *See id.* § 551.045(b) (providing that an emergency or urgent public necessity exists only if "immediate action is required of a governmental body because of: (1) an imminent threat to public health and safety; or (2) a reasonably unforeseeable situation").

## S U M M A R Y

Subsection 22.077(a) of the Local Government Code authorizes a Type A general-law municipality to remove a municipal officer for incompetency, corruption, misconduct, or malfeasance at a regular meeting by a majority vote of those present and voting.

Subsection 22.077(b) of the Local Government Code authorizes a Type A general-law municipality to remove a municipal officer for a lack of confidence if two-thirds of the elected aldermen vote in favor of a resolution declaring the lack of confidence.

For purposes of Local Government Code section 22.039, a "called meeting" of a Type A general-law municipality is a meeting called and held at a time or place other than the regular meeting time and place adopted pursuant to subsection 22.038(a). An emergency meeting will be considered a called meeting for purposes of section 22.039 if it is held at a time or place other than the regular meeting time and place established by a resolution adopted pursuant to section 22.038.

Two-thirds of a municipality's aldermen constitute a quorum for purposes of convening a called emergency meeting of a Type A general-law municipality.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee